Kenneth ROBINSON, Appellant,

v.

DIVISION OF EMPLOYMENT SECURITY, Respondent.

No. WD 69396.

Missouri Court of Appeals, Western District.

Nov. 25, 2008.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 27, 2009.

Samuel I. McHenry, Kansas City, MO, for appellant.

Shelly A. Kintzel, Jefferson City, MO, for respondent.

Before JOSEPH P. DANDURAND, P.J., HAROLD L. LOWENSTEIN and JAMES M. SMART, JJ.

JOSEPH P. DANDURAND, Judge.

Kenneth Robinson appeals the order of the Labor and Industrial Relations Commission affirming the Appeals Tribunal's determination that he was ineligible for unemployment benefits. On appeal, Mr. Robinson argues that the Commission erred in affirming the Appeals Tribunal's decision that Mr. Robinson voluntarily left his employment. The point is denied, and the order is affirmed.

### Background

Kenneth Robinson began working for Hy–Vee, Inc. ("Hy–Vee") in November 2006. The final day Mr. Robinson worked for Hy–Vee was September 2, 2007. According to Hy–Vee, Mr. Robinson was

scheduled to work on September 5, 6, and 10, 2007, but he did not show up for work on those dates, nor did he notify Hy–Vee that he was unable to work on those dates. Hy–Vee policy provides that three consecutive instances of "no-call, no-show" is considered job abandonment. Pursuant to Hy–Vee policy, Mr. Robinson was considered to have abandoned his employment and was terminated after not calling in or reporting to work on September 5, 6, and 10, 2007.

Mr. Robinson filed a claim for unemployment benefits with the Missouri Division of Employment Security on September 10, 2007, claiming Hy–Vee had taken him off the work schedule because there was not enough work available. A Division of Employment Security deputy heard Mr. Robinson's claim and determined that Mr. Robinson was qualified to receive benefits because he "was separated for reasons attributable to a lack of work because there was no further work available."

Hy–Vee appealed the deputy's decision to the Division of Employment Security Appeals Tribunal, and a telephone hearing was scheduled for 10:00 a.m. on November 20, 2007. Both Mr. Robinson and Hy–Vee were notified of the hearing date and time through a notice mailed on November 7, 2007. The notice informed Mr. Robinson that the hearing officer would call the number listed on the notice unless Mr. Robinson called the Appeals Tribunal to provide an alternate phone number. Mr. Robinson's home phone number was listed on the hearing notice. The notice indicated in bold that **"Your case may be dismissed if you fail to provide an accurate telephone number."** It further warned in bold, **"FAILURE TO FOLLOW THESE INSTRUCTIONS MAY RESULT IN A DECISION BEING MADE WITHOUT CONSIDERATION OF YOUR EVIDENCE."** The notice stated that a party must provide **"ONE telephone number where you can be reached for the hearing."**

At the time of the hearing, the Appeals Tribunal was unable to reach Mr. Robinson at the number listed on the notice and was told by a person answering the telephone at that number that Mr. Robinson would not be at the number in the next five minutes. Mr. Robinson had not provided an alternate phone number. The Appeals Tribunal then conducted the hearing without Mr. Robinson and determined that Mr. Robinson voluntarily left his employment, without good cause, by not showing up for work on September 5, 6, and 10, 2007.

Following this decision, Mr. Robinson submitted a letter to the Appeals Tribunal in which he stated that he did not attend the November 20, 2007 hearing because he was on his way to a job interview. Mr. Robinson stated that he left a cell phone number where he could be reached with someone at his home. In his letter, Mr. Robinson wrote that he called the Appeals Tribunal from his cell phone five minutes after the hearing was supposed to begin and was told his only recourse was to file an appeal. In his letter, Mr. Robinson again claimed there was not enough work available and that is why Hy–Vee removed him from the work schedule.

Mr. Robinson's letter was treated as an Application for Review, which is an appeal, to the Labor and Industrial Relations Commission ("Commission"). By a 2–1 decision, the Commission affirmed the Appeals Tribunal's determination.

This appeal followed.

### Standard of Review

■ Appellate review of the Commission's decision is governed by article 5, section 18 of the Missouri Constitution and

section 288.210, RSMo 2000. *Ayers v. Sylvia Thompson Residence Center*, 211 S.W.3d 195, 197 (Mo.App. W.D.2007). An appellate court may modify, reverse, remand for rehearing, or set aside the Commission's decisions only where: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. § 288.210; *Ayers*, 211 S.W.3d at 197–98. "In the absence of fraud, the Commission's factual findings are conclusive if supported by competent and substantial evidence." *Ayers*, 211 S.W.3d at 198.

### Discussion

■ To "appear" at a telephone hearing, a participant must "[p]rovide telephone numbers as instructed on the notice of hearing within the designated time frame and answer at the time of the hearing." Mo Code Regs. Ann. tit. 8, § 10–5.010(2)(B)2 (2002). Mr. Robinson did not appear for his telephone hearing. The Appeals Tribunal did have a phone number where they were advised Mr. Robinson could be contacted, but Mr. Robinson was unavailable at that phone number at the time set for the telephone hearing. Mr. Robinson argues that because he left his cell phone number for the Appeals Tribunal, the Appeals Tribunal had an additional opportunity and/or obligation to contact Mr. Robinson. The Appeals Tribunal, however, is only required to afford the parties "reasonable opportunity for fair hearing." § 288.190.3. The Appeals Tribunal is not required to accommodate a party that does not follow the clearly stated directions in the notice of hearing. *See Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557, 561 (Mo.App. S.D.1996).

■ Mr. Robinson also argues that his letter to the Appeals Tribunal should have been treated as a motion for reconsideration. His letter, however, was not a properly filed motion for reconsideration and was not considered as such. If Mr. Robinson wanted a rehearing, the proper recourse for Mr. Robinson would have been to file a motion for reconsideration pursuant to RSMo Section 288.190.4. Mr. Robinson failed to file such a motion.

We do note, however, that the Appeals Tribunal's written decision does not inform participants of *all* of the options available to a party to an adverse ruling. A section of the written decision entitled "Appeal Rights" states, "If you disagree with the Decision of Appeals Tribunal, you may file an Application for Review (appeal) to the Labor and Industrial Relations Commission." Nowhere in the decision does it inform an employee that he or she also has the right to file a motion for reconsideration from an adverse decision. The employee's right to file a motion for reconsideration may be found deep within the provisions of RSMo Section 288.190.4.

In fact, the average employee, unrepresented by legal counsel, may understandably be misled by the "Appeal Rights" section of the decision into believing that the *only* option available after an adverse ruling is the filing of an Application for Review. A simple modification of the section advising the employee of the right to file a request for reconsideration as well as an Application for Review would seem appropriate. If Mr. Robinson had filed for and been denied a motion for reconsideration, we may well be reviewing whether the Appeals Tribunal abused its discretion for failing to grant the motion. In this case, since Mr. Robinson's letter was not a properly filed motion for reconsideration, this court is, just as the Commission was, constrained to consider Mr. Robinson's let-

ter as a properly filed appeal. Although this court is aware of and not unsympathetic to the fact that Mr. Robinson was the prevailing party before the Division of Employment Security deputy and was not able to present his version of the facts to the Appeals Tribunal because of his failure to appear for the telephone hearing, under the standard of review, this court must affirm the Commission's decision to affirm the Appeals Tribunal if the Commission's decision was supported by sufficient competent evidence. § 288.210.

Mr. Robinson does not dispute that he was notified of the date, time, and place of the hearing. Furthermore, the hearing notice clearly indicated that it was Mr. Robinson's obligation to inform the Appeals Tribunal of a telephone number at which he could be reached. The notice of hearing permitted a phone number to be changed as late as fifteen minutes before the hearing. Mr. Robinson had an opportunity to inform the Appeals Tribunal of his cell phone number, and he did not do so. Mr. Robinson failed to follow the clearly stated directions in the notice, and he cannot now claim he was denied a reasonable opportunity for a hearing. *See* § 288.190.3.

During the telephone hearing, the Appeals Tribunal heard evidence that Mr. Robinson was scheduled to work on September 5, 6, and 10, 2007. Pursuant to Hy–Vee's "no-call, no-show" policy, the Appeals Tribunal found that Mr. Robinson voluntarily quit his job. Mr. Robinson's supervisor testified that Mr. Robinson was scheduled to work on those dates and that he never told Mr. Robinson not to come in to work. This was substantial and competent evidence from which the Commission could affirm the Appeals Tribunal's decision.

## Conclusion

The Commission did not err in affirming the Appeals Tribunal's decision to deny Mr. Robinson unemployment benefits. The order of the Commission is affirmed.

All Concur.