Matthew W. MILLER, Appellant,

v.

**REHNQUIST DESIGN & BUILD, INC., and Division of Employment Security, Respondents.**

**No. ED 93897.**

Missouri Court of Appeals, Eastern District, Division Two.

May 25, 2010.

Gerald W. Linnenbringer, Sunset Hills, MO, for Appellant.

Rehnquist Design & Build, Inc., St. Louis, MO, pro se.

Larry R. Ruhmann, Jefferson City, for respondents.

ROBERT G. DOWD, JR., Judge.

Matthew W. Miller ("Claimant") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") affirming the decision of the Appeals Tribunal dismissing Claimant's appeal for failure to appear at the hearing. Claimant asserts the Commission erred in dismissing Claimant's appeal because Claimant provided evidence of good cause for failing to appear. We reverse and remand.

Claimant worked for Rehnquist Design and Build, Inc. ("Employer") for approximately eight years. Following a work disagreement, Claimant filed for unemployment benefits with the Division of Employment Security alleging he was discharged by Employer. Employer filed a protest of the claim asserting Claimant voluntary left his work. A deputy reviewed his claim and found that Claimant was disqualified from receiving unemployment benefits because he voluntarily left his work with Employer without good cause attributable to the work or the employer. Claimant appealed to the Appeals Tribunal.

The Appeals Tribunal mailed the parties the Notice of Telephone Hearing informing them that the telephone hearing was scheduled for June 10, 2009 at 8:30 a.m. The notice provided in bold letters at the top of the form: **"Claimant, we will use the phone number below unless you call 877–881–9162."** (Bold in original.) There was no telephone number for Claimant and the notice provided, "Claimant Phone No. NONE ON FILE." The notice provided instructions for providing a telephone number and advised that if no phone number was provided, the case may be dismissed.

On June 10, 2009, the referee of the Appeals Tribunal noted that "no claimant telephone number as of 8:35 AM" and that "appeal dismissed employer witness notified." The Appeals Tribunal issued an order dismissing Claimant's appeal because "[Claimant] did not participate in the hearing to pursue the appeal." Claimant filed a request for reconsideration. Claimant's request was granted and a hearing was scheduled "to consider whether the

claimant had good cause for failing to participate in the prior setting."

At the hearing, Claimant presented undisputed evidence that a day or two prior to the hearing on his appeal, he called the local Appeals Tribunal office and spoke to a woman regarding the hearing procedure. Claimant testified that the woman he spoke with ensured him that the Appeals Tribunal "had all [of Claimant's] evidence and that they would call [Claimant]." Claimant said he assumed the Appeals Tribunal had his telephone number because his telephone number was listed in the packet sent to him by the Division of Employment Security ("the Division"). Thereafter, the Appeals Tribunal issued an order stating Claimant "has failed to show good cause for failing to participate in the hearing scheduled on June 10, 2009" and reinstated the Appeals Tribunal's dismissal of Claimant's appeal. The Appeals Tribunal found Claimant's assumption that the Appeals Tribunal had his telephone number was not reasonable where the notice indicated there was no telephone number for Claimant on file and Claimant could have called the designated number to provide a telephone number. During the proceedings, a representative of Employer indicated that Employer would no longer be contesting Claimant's claim for unemployment benefits. Claimant subsequently appealed to the Commission. The Commission affirmed and adopted the decision of the Appeals Tribunal dismissing his appeal for failure to appear at the hearing. This appeal follows.

■ In his sole point, Claimant contends the Commission erred in dismissing Claimant's appeal because Claimant provided evidence of good cause for failing to appear. We agree.

■ We may modify, reverse, remand, or set aside the Commission's decision only when: (1) the Commission acted without or in excess of its powers; (2) the decision was procured fraudulently; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence to support the award. Section 288.210, RSMo 2000; *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003). We review the denial of a motion to reconsider and set aside a dismissal for failure to appear at the hearing for an abuse of discretion. *Weirich v. Division of Employment Sec.,* 301 S.W.3d 571, 574 (Mo. App. W.D.2009)(citing *Robinson v. Division of Employment Sec.,* 274 S.W.3d 505, 508 (Mo.App. W.D.2008)).

A claimant appealing a deputy's ruling disqualifying the claimant for unemployment benefits must appear at his hearing "at the scheduled time or location" or the appeal will be dismissed. 8 CSR 10–5.040(2)(A). To "appear" at a telephone hearing, a claimant must "[p]rovide telephone numbers as instructed on the notice of hearing within the designated time frame and answer at the time of the hearing." 8 CSR 10–5.010(2)(B)2. Claimant did not appear for his telephone hearing because he was never contacted by the Appeals Tribunal, and his appeal was therefore dismissed.

A dismissal can be set aside, however, when the claimant "had good cause for failing to appear for the prior setting." 8 CSR 10–5.040(2)(B). Good cause is defined as "those circumstances in which the party acted in good faith and reasonably under all the circumstances." 8 CSR. 10–5.010(2)(C).

Here, Claimant presented undisputed evidence establishing that he acted in good faith. Claimant believed the Appeals Tribunal had his telephone number. While this belief may have been incorrect, Claimant showed it was a good faith belief.

Claimant's good faith belief that the Appeals Tribunal had his telephone number was reasonable under the circumstances. First, Claimant contacted the local Appeals Tribunal office and talked with a woman there who assured him that the Appeals Tribunal "had all [of Claimant's] evidence and that they would call [Claimant]." This evidence was not disputed. It was reasonable for Claimant to rely on the assertions made by an employee of the Appeals Tribunal. Second, Claimant's telephone number was listed in the packet sent to him by the Division. Because both the notice of the telephone hearing and the accompanying packet were mailed to Claimant by the Division, it was reasonable for Claimant to believe that the Appeals Tribunal had his telephone number on record. Thus, Claimant established he had good cause for failing to appear at the hearing because he had a good faith belief that the Appeals Tribunal had his telephone number on record and that belief was reasonable under all the circumstances.

The Division relies on *Robinson v. Division of Employment Sec.*, 274 S.W.3d 505 (Mo.App. W.D.2008), and *Jenkins v. Manpower on Site at Proctor and Gamble*, 106 S.W.3d 620 (Mo.App. W.D.2003), to support its position that Claimant did not have good cause for failing to appear at the hearing. These cases can be distinguished. In *Robinson*, the claimant's home telephone number was listed on the notice, but when the Appeals Tribunal called the telephone number, the claimant was not there. *Robinson*, 274 S.W.3d at 507. Following the Appeals Tribunals determination that the claimant voluntarily left his employment, the claimant submitted a letter in which he stated he did not appear at the hearing because he was on his way to a job interview and had left a cell phone number where he could be reached with someone at his home. *Id.*

The letter was treated as an application for review with the Commission and the Commission subsequently affirmed the Appeals Tribunal's determination. *Id.* On appeal, the court noted it was the claimant's obligation to inform the Appeals Tribunal of a telephone number at which he could be reached, and he failed to do so. *Id.* at 509.

In *Jenkins*, the claimant appealed the deputy's determination that the claimant was discharged for insubordination. *Jenkins*, 106 S.W.3d at 622. The claimant received the notice of the hearing and directions to provide the Appeals Tribunal with a telephone number where he could be reached. *Id.* at 622. Claimant took no actions prior to the hearing to provide the Appeals Tribunal with a telephone number, and therefore, the Appeals Tribunal dismissed the claimant's appeal. *Id.* at 622–23. On appeal of the Commission's decision affirming the Appeals Tribunal's dismissal, the court found the Claimant's failure to read the notice properly and provide a telephone number was not good cause for him to miss the telephone hearing. *Id.* at 625.

These cases are distinguishable from the present case. Here, unlike in *Robinson* and *Jenkins*, Claimant made affirmative efforts before the hearing to make sure the Appeals Tribunal had his telephone number. Although Claimant did not call the number listed on the notice, he did contact the local Appeals Tribunal office and spoke to a woman there who assured him that they had everything they needed and would call him. Further, unlike in *Robinson* and *Jenkins*, Claimant's belief that the Appeals Tribunal had his telephone number was based on information in the packet he received from the Division that contained his correct telephone number. We find the Division's reliance on Robinson and Jenkins to be misplaced.

The Division also relies on *Brawley & Flowers, Inc. v. Gunter*, 934 S.W.2d 557 (Mo.App. S.D.1996). In *Brawley*, the employer failed to provide a telephone number to the Appeals Tribunal and failed to participate in the appeal of the deputy's determination that the claimant left work voluntarily without good cause attributable to the employer. *Brawley*, 934 S.W.2d at 559. The Appeals Tribunal found the claimant was discharged and did not leave work voluntarily. *Id.* The employer applied for review by the Commission and the Commission affirmed the Appeals Tribunal based on the previously submitted evidence and did not allow the employer to reopen the record so the employer could present evidence. *Id.* The employer argued it was not contacted at the time of the telephone hearing and thus was not given an opportunity to participate in the hearing. *Id.* In affirming the decision of the Commission and finding the employer was not denied a reasonable opportunity for a fair hearing, the court noted the employer was provided the notice indicating the time of the hearing and directions to provide a telephone number, and the employer failed to follow clearly stated directions that would have enabled it to present evidence and otherwise defend against the claim. *Id.*

The court further observed that the employer did not seek to set aside the Appeals Tribunal decision but rather appealed the decision to the Commission. *Id.* at 561. Had the employer's request to set aside been granted, the appeal would have been reset for a hearing to determine whether the employer had good cause for failing to appear at the first hearing. *Id.* (citing 8 CSR 10–5.040(2)(B),(C), and (E)). The court noted that in its application for review with the Commission, the employer alleged a duly authorized representative notified the Appeals Tribunal that he wanted to participate in the telephone hearing and left his telephone number, and that he was available by telephone on the date of the hearing. *Id.* The court found the employer's allegations were not supported by the record and were pleadings that were not self-proving. *Id.* On motion for rehearing, the court remarked that the employer's pleadings did not allege it responded to the notice in the manner directed. *Id.* at 562.

The present case is also distinguishable from *Brawley*. Here, Claimant did properly file a request to set aside the Appeals Tribunal's decision and was granted a hearing to determine whether he had good cause for failing to appear at the first hearing. At the hearing, Claimant presented evidence that was undisputed showing he had good cause for failing to appear. Unlike *Brawley*, Claimant did not merely file an application for review with the Commission and only provide allegations in pleadings. Thus, the Division reliance on *Brawley* is also misplaced.

The Commission abused its discretion in affirming the dismissal of Claimant's appeal because he established good cause for failing to appear at the hearing. Claimant's point is granted.

The Commission's decision is reversed and the case is remanded for further proceedings.

SHERRI B. SULLIVAN, P.J., and PATRICIA L. COHEN, J., concur.