Todd BLANKENSHIP, Claimant–
Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. SD 30341.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 1, 2010.

Todd Blankenship, Nixa, pro se.

Ninion S. Riley, Jefferson City, MO, for Respondent.

### DON E. BURRELL, Judge.

A deputy of the Division of Employment Security ("the Division") determined that Todd Blankenship ("Claimant") had been overpaid $1,433 on his claim for unemployment benefits because Claimant had willfully failed to disclose wages he had earned that disqualified him from receiving benefits. Claimant appealed the deputy's determination to the Division's Appeals Tribunal.

The Appeals Tribunal designated a referee to hear Claimant's appeal and set the matter for a hearing to be held by telephone on Tuesday, November 10, 2009 at 1:15 p.m. The Appeals Tribunal mailed notice of the hearing to Claimant on October 29, 2009. On the designated date, the referee placed calls to Claimant at 1:15 p.m. and 1:20 p.m. On each occasion, Claimant did not answer, and the calls went to voicemail. The referee left a message after each call. When the referee was unable to reach Claimant, he dismissed Claimant's appeal (in an order dated November 13, 2009) for failing to appear at the telephone hearing.

After receiving notice of the dismissal, Claimant filed an application for review with the Labor and Industrial Relations Commission ("the Commission"). A letter attached to Claimant's application for review indicated Claimant was "unable" to attend the telephone hearing due to "personal reasons[;]" that he fully intended to continue to dispute the referee's determination; and that he "regret[ted] the unavoidable circumstances of which [sic][he] was unavailable for the telephone hearing[.]" Claimant's application gave no indication of what those "personal reasons" and "unavoidable circumstances" were.

The Commission affirmed the Appeals Tribunal's decision to dismiss Claimant's appeal and adopted it as its own. That decision stated: "After due notice to the interested parties[,] the appeal was set for a telephone conference hearing originating from Jefferson City, Missouri, before an Appeals Tribunal on November 10, 2009, at 1:15 p.m. The appellant did not participate in the hearing to pursue the appeal." Claimant now appeals the decision of the Commission to this court.

Claimant is representing himself on appeal. "Although we are mindful of the difficulties that a party appearing *pro se* encounters in complying with the rules of procedure, we must require *pro se* appellants to comply with these rules. We must not grant a pro se appellant preferential treatment." *Brown v. Ameristar Casino Kansas City, Inc.*, 211 S.W.3d 145, 146 (Mo.App. W.D.2007) (unemployment benefits appeal dismissed due to briefing deficiencies). "This is not a matter of our personal preference, but rather the demands placed upon us by our oaths of office, our commitment to uphold the rule of law, and the very nature of the adversarial process which requires fair, impartial and disinterested decision makers." *Bishop v. Metro Restoration Servs., Inc.*, 209 S.W.3d 43, 45 (Mo.App. S.D.2006) (unemployment benefits appeal dismissed for briefing deficiencies) (footnotes omitted).

■ In response to Claimant's initial brief, the Division filed a motion to strike the brief and dismiss the appeal, alleging Claimant failed to claim that the Commission erred and noting that "Rule 84.13(a) provides that, '[a]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]'" [1] We took the Division's motion with the case and it filed a responsive brief. Because Claimant's briefing deficiencies substantially impede appellate review, we grant the Division's motion and dismiss Claimant's appeal.

Although the deficiencies are pervasive, the most serious flaw in Claimant's brief is that it fails to state a point relied on.[2] Rule 84.04(d)(2) provides:

> Where the appellate court reviews the decision of an administrative agency, rather than a trial court, each point shall:
>
> (A) identify the administrative ruling or action the appellant challenges;
>
> (B) state concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.
>
> The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

■ "The intent of Rule 84.04(d) is to give notice to the opposing party of the exact claim being made and to what it specifically must respond, and to advise this court of the questions presented for review." *Nicholson v. Transamerica Occidental Life Ins. Co.*, 144 S.W.3d 302, 306 (Mo.App. W.D.2004) (unemployment benefits appeal dismissed for briefing deficiencies). No administrative ruling is identified by Claimant and he identifies no legal reason(s) that might support any claim of reversible error. *See Bishop*, 209 S.W.3d at 47. "Without any point relied on in [the claimant]'s brief, [the claimant] has failed to preserve anything for appellate review." *Id.*

In support of its position that "[w]here a claimant does not contest the dismissal of his case for failing to appear at a hearing, the courts consider that issue abandoned[,]" the Division cites *Lewis v. Fort Zumwalt School Dist.*, 260 S.W.3d 888, 890 (Mo.App. E.D.2008). In *Lewis*, as in this case, the hearing referee reached an answering machine in his two attempts to

---

1. Unless otherwise indicated, all rule references are to Missouri Court Rules (2010).

2. Claimant's brief also contains no table of cases and authorities in violation of Rule 84.04(a)(1); the jurisdictional statement does not state the provision of law relied upon as the basis for appellate jurisdiction in violation of Rule 84.04(b); the argument does not restate a point relied on and contains no statement of the standard of review in violation of Rule 84.04(e); the pages of the appendix are not numbered consecutively in violation of Rule 84.04(h)(3); and while the brief cites to certain sections of the appendix, it does not cite the legal file or the transcript in violation of Rule 84.04(i). The jurisdictional statement and conclusion are single-spaced in violation of Rule 84.06(a)(7); the brief is not paginated in violation of Rule 84.06(a)(5) even though there is a table of contents that refers to page numbers; and there is no certification or signature in violation of Rule 84.06(c). A "second brief" later filed by Claimant made no attempt to correct these shortcomings, except that its jurisdictional statement and conclusion are double-spaced.

reach the claimant for the telephone hearing. *Id.* at 889. The claimant subsequently failed to provide the Commission with any reason for her failure to attend the hearing. *Id.* The claimant also "failed to allege any reviewable point of error on the part of the Commission." *Id.* at 890. In affirming the Commission's decision upholding the dismissal of the claimant's case, the Eastern District stated:

> Because [claimant's] appeal does not contest the dismissal of her case for failing to appear at the hearing, that issue has been abandoned. Having failed to address the grounds upon which her claim was dismissed, [claimant] presents no appealable issue for this Court to review. Accordingly, [claimant's] appeal must be dismissed.

*Id.*

■ Here, Claimant informed the Commission in the letter attached to his application for review that his "attendance [at the telephone hearing] was prevented by personal reasons and by no means was it intended to disregard [the] matter." Despite this stated reason for his request for review by the Commission, Claimant's brief makes no mention of his failure to attend the telephone hearing and presents

no point asserting that the Commission erred in affirming the Appeals Tribunal's dismissal of his appeal on the grounds that Claimant abandoned his appeal by failing to appear.[3] Instead, Claimant's brief deals with factual averments we presume he intended to present to the hearing referee as proof refuting the deputy's determination that Claimant had received wages that disqualified him from receiving unemployment benefits—a matter never addressed by the Commission.

Claimant's first mention of his failure to appear before the Appeals Tribunal is contained in the "second brief" Claimant filed after the Division had submitted its brief and moved to dismiss Claimant's appeal.[4] In a section entitled "Introductory Statement," that brief claimed:

> [Claimant] has appealed by appropriate measures to the Missouri Court of Appeals to review the Division of Employment Security and its Labor and Industrial Relations Commission's decision of its Appeals Tribunal in accordance to the rights given and explained by documentation provided by the Commission itself. In addition, [Claimant's] failure to appear in the telephone hearing set by the Appeals Tribunal was due to

---

3. A dismissal may be set aside upon a demonstration of good cause for failure to attend the hearing. *See Miller v. Rehnquist Design & Build, Inc.* 311 S.W.3d 382, 384 (Mo.App. E.D.2010). In *Miller,* the Commission abused its discretion in dismissing the appeal because good cause was shown. *Id.* at 386. However, the "[c]laimant assert[ed] the Commission erred in dismissing [c]laimant's appeal because [c]laimant provided evidence of good cause for failing to appear." *Id.* at 383. Here, Claimant acknowledged that, beyond stating "personal reasons," he did not disclose the actual circumstances that prevented him from presenting the evidence of his case. On appeal, he asserts that he missed the call "because his wife was making outrageous threats and demands on their marriage that day over what was only supposed to be

lunch." He goes on to talk about the strain on his marriage, but he does not argue that he demonstrated "good cause" for missing the hearing to the Commission.

4. Claimant did not seek leave to correct his first brief, or otherwise supplement it, so his "second brief," is treated as a reply brief. *See* Rule 84.05(a). To the extent that Claimant attempted to address new matters in his reply brief that were not raised in his opening brief, they are not preserved for review. *See Russell v. Division of Emp't Sec.,* 43 S.W.3d 442, 444 (Mo.App. S.D.2001) ("Claimant's initial brief, as aforementioned, lacked both points relied on and an argument. Claimant's points and arguments omitted from her initial brief may not be supplied by a reply brief").

unintentional and unavoidable circumstances of a personal nature and said [Claimant] requests the Commission reconsider the case and its dismissal due to the evidence provided.

 Even if we were to treat Claimant's "second brief" as a supplemental brief and consider his "Introductory Statement" as constituting a point relied on, Claimant would still have failed to make any specific allegation of Commission error. Without an assertion as to why a particular ruling was erroneous, impartial appellate review cannot occur. "The argument should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case. If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Johnson v. Buffalo Lodging Assoc's,* 300 S.W.3d 580, 582 (Mo. App. E.D.2009) (internal citations omitted).

Because of the inadequacy of Claimant's briefs, it would be impossible to verify his claims and consider any relevant legal authority without first constructing an argument on his behalf. A reviewing court should not speculate as to the claims, relevant facts, or controlling authority that would best comprise a claimant's appeal. *See Nicholson,* 144 S.W.3d at 308. "If the court were to take the time on its own initiative to comb the record for support of factual assertions in a brief, we would, in effect, become an advocate for the non-complying party." *Carlson v. Healthcare Servs. Group, Inc.,* 275 S.W.3d 382, 384 (Mo.App. S.D.2009). By failing to provide us with any legal reasoning for his claim of error, Claimant has "fail[ed] to satisfy the fundamental requirement of an appellate argument." *Johnson,* 300 S.W.3d at 582.

If Claimant believed the Commission's ruling violated the law, it was incumbent upon him to state the legal authority sup-porting that claim. Although we are not insensitive to the difficulties self-represented claimants face when attempting to appeal a denial of unemployment benefits, it would be unfair to the other parties involved and the system of impartial appellate review itself to step outside our proper role by constructing on Claimant's behalf a point relied on, seining the record for any relevant facts that might support it, and, finally, finding and applying the appropriate legal authority to produce a result.

Claimant's appeal is dismissed.

BARNEY, P.J. and LYNCH, J., Concurs.