Scott STEVENSON, Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. WD 73413.

Missouri Court of Appeals,
Western District.

Oct. 25, 2011.

Samuel I. McHenry, Kansas City, MO, for Appellant.

Leah B. Williamson, Jefferson City, MO, for Respondent.

Before: THOMAS H. NEWTON, P.J., CYNTHIA L. MARTIN, and GARY D. WITT, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. Scott Stevenson appeals the decision of the Labor and Industrial Relations Commission (Commission) affirming the dismissal of his appeal to the Appeals Tribunal. The Commission determined that Mr. Stevenson's reason for failing to appear at the telephone hearing to ascertain eligibility for unemployment benefits did not constitute good cause. We reverse and remand.

**Factual and Procedural Background**

Mr. Stevenson's last day of employment was on January 27, 2010, and he filed for unemployment benefits. A deputy for the Division of Employment Security (Division) determined that Mr. Stevenson was disqualified from receiving benefits because Mr. Stevenson voluntarily quit without good cause attributable to the work or employer. Mr. Stevenson filed a notice of appeal to the Appeals Tribunal.

The Appeals Tribunal sent Mr. Stevenson a notice of telephone hearing, which contained a hearing date of April 5, 2010, a Monday, and his telephone number. On the date of the hearing, the referee for the Appeals Tribunal called the reported telephone number and heard a recording that the number had been temporarily disconnected. The appeal was dismissed for nonappearance. Mr. Stevenson filed a request for reconsideration; the Appeals Tribunal subsequently set the dismissal order aside. Mr. Stevenson was granted a hearing[1] to show good cause for failing to participate in the original hearing.

At the good-cause hearing, Mr. Stevenson testified that about a week before the scheduled April 5, 2010, hearing, he had received a notice from his telephone carri-

---

1. Two hearings were actually held because the Commission could not review the tran-
script of the first hearing and remanded for a second hearing.

er that his phone service would be disconnected for nonpayment on the hearing date. Mr. Stevenson also testified that his bill was past due because he had no income. He borrowed money to pay the bill. He claimed that after he had explained to his telephone carrier representative that he needed service to receive a phone call from the Division about his unemployment benefits, the representative told him to place the payment in the drop box and assured him service would be okay. He also inquired about the disconnection time if the payment did not post. The representative told him that service shuts off at the end of business on the due date and that he would be fine for his hearing. Mr. Stevenson claimed that he woke up only fifteen minutes before his hearing because he relied on the representative's statements that he would not have a problem with his telephone service.

He further testified that he had no service on Monday morning, and called the telephone carrier, the only number he could successfully call from his phone, to request restoration of the service. He claimed that he did not call the Division to secure another line when he noticed he had no service because he was in a panic, the fifteen minutes to provide the Division with a different number had already passed, and he thought that he could get the service restored. He eventually called the Division after the service was restored around 11:00 a.m. Evidence was also presented on the merits of the case; Mr. Stevenson testified and one witness testified on behalf of the employer.

The Appeals Tribunal decided that Mr. Stevenson did not satisfy the burden to show good cause because he did not act reasonably. It concluded that Mr. Stevenson acted unreasonably because: (1) he did not secure an alternative line after finding out a week in advance of the impending disconnection; (2) he relied on a representative's statement that his service "should be alright" even though he had placed the payment in a drop box; (3) he woke-up only fifteen minutes before his hearing despite knowing his service was possibly disconnected; and (4) he contacted his telephone carrier rather than the Division after noticing his service had been disconnected. Mr. Stevenson filed an application for review with the Commission. The Commission affirmed and adopted the Appeals Tribunal's decision with one member dissenting.

## Standard of Review

■■ In reviewing the decision, we determine whether the Commission abused its discretion in refusing to set aside the dismissal for failure to show good cause. *See Miller v. Rehnquist Design & Build, Inc.,* 311 S.W.3d 382, 384 (Mo.App. E.D. 2010) (citing *Weirich v. Div. of Emp't Sec.,* 301 S.W.3d 571, 574 (Mo.App. W.D.2009)); *see also* § 288.210. Abuse of discretion is shown where "the outcome is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Reisdorph v. Div. of Emp't Sec.,* 8 S.W.3d 169, 171–72 (Mo.App. W.D. 1999) (citation and internal quotation marks omitted). If reasonable minds could differ on the propriety of the Commission's decision, there has not been an abuse of discretion. *Id.* at 172. We defer to the Commission's findings of fact if supported by the record, and review conclusions of law *de novo. Guccione v. Ray's Tree Serv.,* 302 S.W.3d 252, 255–56 (Mo. App. E.D.2010).

## Legal Analysis

In his sole point, Mr. Stevenson argues that the Commission erred in affirming the Appeals Tribunal's decision because the findings do not support the award in that

the record shows good cause for his nonappearance.

A claimant's appeal from a deputy's ruling may be dismissed for failure to appear. § 288.190.3;[2] 8 CSR 10–5.040(2)(A). A dismissal of an appeal from a deputy's determination may be set aside at claimant's request for reconsideration. 8 CSR § 10–5.040(3)(C). If the dismissal is set aside, a hearing shall be held to determine whether claimant had good cause for failing to appear at the original hearing. 8 CSR § 10–5.040(2)(B); *Weirich,* 301 S.W.3d at 574 ("A dismissal is set aside, however, when the appellant had good cause for failing to appear for the prior setting.") (citation and internal quotation marks omitted). Good cause is a set of "circumstances in which the party acted in good faith and reasonably under all the circumstances." 8 CSR § 10–5.010(2)(C).

Mr. Stevenson argues that good cause was shown because he "(1) pa[id] his telephone bill before the scheduled hearing and (2) upon paying that admittedly late bill, late due to his dire financial situation caused by his unemployment, contact[ed] a telephone company representative [who] assured his service would not be interrupted." He claims that he acted reasonably and in good faith by paying the bill and seeking assurances that his service would not be disconnected and should not have been required to do more than he did. The Division asserts that his actions were not reasonable because he did not maintain his phone service or secure an alternative phone line in light of the impending disconnection notice and late payment.

■ The threshold question before the Commission was whether Mr. Stevenson acted reasonably and in good faith to appear at the hearing under all the circumstances. *See* 8 CSR § 10–5.010(2)(C). The Commission determined no good cause was shown after concluding that Mr. Stevenson's numerous actions to secure his attendance at the hearing were not reasonable. We thus analyze each listed ground supporting this decision for an abuse of discretion.

First, we address the Commission's conclusion that Mr. Stevenson acted unreasonably in failing to secure an alternative line. The Division asserts that Mr. Stevenson "did not take steps to assure that he was able to participate in the hearing" because he chose to secure his phone line rather than "make alternative arrangements to use a different phone prior to the day of the hearing." The findings suggest otherwise in that Mr. Stevenson took steps to secure his phone line as opposed to hoping that it would not be disconnected. The real issue was whether Mr. Stevenson's decision to pursue that path was unreasonable. *Unreasonable* means "not governed by or acting according to reason: evincing indifference to reality or appropriate conduct." WEBSTER's THIRD NEW INT'L DICTIONARY 2507 (unabridged ed.1971).

Paying a phone bill to prevent disconnection and to ensure service to receive a phone call from the Division at the phone number listed on the notice, is acting within the bounds of reason, and does not evince inappropriate conduct or indifference to the need to be available for a telephone hearing. Hence, Stevenson's choice to secure his line rather than providing the Division with an alternative number was reasonable, and the Commission abused its discretion.

■ Next, we address the Commission's conclusion that Mr. Stevenson's reliance on the representative's statement that his ser-

**2.** Statutory references are to RSMo 2000 and the Cumulative Supplement 2010. Regulatory references are to the Missouri Code of State Regulations (2002).

vice "should be alright" was unreasonable. The Division asserts that relying on this statement from the telephone carrier was unreasonable because Mr. Stevenson had placed his payment in an "after-hours" box. First, Mr. Stevenson did not testify at the hearing that he was told his service "*should* be alright." Rather, he testified that a representative told him that service *would* be okay. Second, Mr. Stevenson also testified that the representative told him that even if the payment did not post, service would not be disconnected until the end of the business day on the due date and that he "would be fine for [his] hearing" in the morning. The Commission did not consider this evidence in its decision. Because this statement was undisputed and not disbelieved or impeached, it should have been considered. *See Guccione,* 302 S.W.3d at 257.

It appears that the Commission determined Mr. Stevenson's reliance on the representative's first statement was unreasonable because of the risk that his service would be disconnected at the time of the hearing since a customer service agent might not promptly process the payment in the "after-hours" box. However, the representative's second statement eliminated that risk because it assured Mr. Stevenson that any disconnection would occur after his morning hearing. Mr. Stevenson's reliance on those assurances from the telephone carrier's representative was reasonable. *See Miller,* 311 S.W.3d at 385.

■ A claimant's reasonable reliance on others' assurances may constitute good cause if the actions based on that reliance are consistent with making himself or her-

self available for the hearing. *See, e.g., id.* (claimant relied on statement from Appeals Tribunal and the fact his number was listed on documents in the Division's possession); *Weirich,* 301 S.W.3d at 576 (claimant relied on attorney's assurance and her attorney relied on previous telephone contact with the referee at his office plus his written submissions that he and claimant would be available for the hearing at his office); *Ross v. Safeway Stores, Inc.,* 738 S.W.2d 611, 616–17 (Mo.App. S.D.1987) (claimant relied on statement from secretary of attorney's office that he did not need to appear).[3] Because his reliance was reasonable and consistent with making himself available for the hearing, the Commission abused its discretion in deciding that Mr. Stevenson acted unreasonably in his reliance.

■ Third, we address the Commission's conclusion that it was unreasonable to wake up only fifteen minutes prior to the 9:00 hearing in light of the "possibility that [Mr. Stevenson's] telephone might be disconnected." Mr. Stevenson believed that there "would be no problem with [his] phone service" for the hearing based on the assurances from the carrier's representative. Thus, we cannot conclude that his waking up in time for the morning hearing was unreasonable based on his reasonable reliance that any disconnection would occur at the end of the day.

■ Finally, we address the Commission's conclusion that Mr. Stevenson's effort to reinstate service during those fifteen minutes rather than contact the Division was unreasonable. The fact that Mr. Stevenson could have attempt-

---

3. In the latter two cases good cause was not found but a prima facie showing of good cause was found. Prima facie means that the allegations, if proven true, would constitute good cause. *See Robinson v. Mo. Dept. of Corr., Bd. of Prob. & Parole,* 805 S.W.2d 688, 690 (Mo.App. E.D.1991). Both courts remanded the case for the Commission or Appeals Tribunal to hear the evidence and render a decision assumingly based on the veracity of the evidence for those allegations.

ed to call the Division by either using a neighbor's phone or locating a payphone does not make his decision to speak with the telephone carrier to have the service restored unreasonable. Mr. Stevenson testified that he knew from the notice it was too late to provide the Division with another number. Moreover, the only number he could successfully call from his own phone was the telephone carrier's customer service. It was thus reasonable for Mr. Stevenson to use his last few minutes to attempt to restore his service, which he believed could be done in time for his hearing. Again, the Commission abused its discretion in finding his imperfect action unreasonable.

Because under all of the circumstances Mr. Stevenson acted in good faith and reasonably, the Commission abused its discretion in refusing to set aside the dismissal. *See Miller*, 311 S.W.3d at 386. Mr. Stevenson's sole point is granted.

### Conclusion

For the foregoing reasons, we reverse and remand for a decision on the merits.

MARTIN and WITT, JJ., concur.