**Beverly WILSON, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. WD 73746.**

Missouri Court of Appeals,
Western District.

Jan. 31, 2012.

Beverly Wilson, Appellant pro se.

Ninion S. Riley, for Respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge, JOSEPH M. ELLIS, Judge and THOMAS H. NEWTON, Judge.

JOSEPH M. ELLIS, Judge.

Beverly Wilson appeals from an order issued by the Industrial Labor and Relations Commission ("the Commission") affirming the Appeals Tribunal's dismissal of her appeal from a Division of Employment Security deputy's decision to decrease her unemployment benefits by the amount of pension she receives. The Appeals Tribunal dismissed Appellant's case after she failed to appear by telephone for her scheduled hearing. For the following reasons, the judgment is reversed and remanded.

After filing her initial claim for unemployment benefits, a deputy for the Division of Employment Security ("the Division") determined Appellant's unemployment benefits should be decreased

by the amount of pension she was receiving. On January 28, 2011, Appellant appealed the deputy's determination to the Appeals Tribunal, asserting the pension she receives comes from a company separate and distinct from the company that recently laid her off and for which she now seeks unemployment benefits.

The Appeals Tribunal sent, and Appellant received, a Notice of Telephone Hearing, which notified Appellant that a telephone hearing before the Appeals Tribunal was scheduled for February 24, 2011, at 3:45 PM. The notice also included the following instructions on how to participate in the hearing:

To Participate in the Hearing:

1. At the time of your hearing, call the toll-free number 877–411–9748

2. When prompted, enter the access code 1770974 followed by the # sign.

3. If prompted again, enter the # sign to be a Participant. . . .

Additional information accompanying the notice stated that "[i]f you filed the appeal and do not participate in the hearing, your appeal will be dismissed."

On February 24, Appellant did not call the Appeals Tribunal at 3:45 PM, and, as a result, the Appeals Tribunal dismissed Appellant's appeal the following day for failure to appear. On March 3, 2011, Appellant appealed the dismissal to the Commission, stating that she had misread the notice and, upon realizing she had to call-in to participate in the phone hearing, called the Appeals Tribunal fifteen minutes after the hearing was scheduled to begin. On March 23, 2011, the Commission affirmed the Appeals Tribunal's dismissal of Appellant's appeal, finding that Appellant failed to establish good cause for her failure to participate in the hearing. Appellant timely filed her appeal in this court.

We review the Commission's decision pursuant to section 288.210.[1] The Commission's decision may be modified, reversed, remanded, or set aside only when "(1) the Commission acted without or in excess of its power; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient, competent evidence in the record to warrant the making of the award." *Stanton v. Div. of Emp't Sec.*, 321 S.W.3d 486, 488 (Mo.App. W.D.2010) (internal quotation omitted). We "must examine the whole record to determine if it contains sufficient competent and substantial evidence to support the [Commission's decision]." *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222–23 (Mo. banc 2003).

"In reviewing the decision, we determine whether the Commission abused its discretion in refusing to set aside the dismissal for failure to show good cause." *Stevenson v. Div. of Emp't Sec.*, No. WD73413, 359 S.W.3d 91, 93, 2011 WL 5041208, at *2 (Mo.App. W.D. Oct.25, 2011). "Abuse of discretion is shown where the outcome is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Jackson–Mughal v. Div. of Emp't Sec.*, No. WD73818, slip op. at 5, 359 S.W.3d 91, 93, 2011 WL 6755855, at *2 (Mo.App.W.D. Dec. 27, 2011) (internal quotation omitted). "If reasonable minds could differ on the propriety of the Commission's decision, there has not been an abuse of discretion." *Id.* "We defer to the Commission's findings of fact if supported by the record, and review conclusions of law *de novo.*" *Id.*

1. All statutory citations are to RSMo 2000 unless otherwise noted.

■ The Appeals Tribunal dismissed Appellant's appeal on the basis that she failed to appear at the telephone hearing when she failed to call the Appeals Tribunal at the time specified in the notice. The Commission affirmed the Appeals Tribunal's dismissal, finding Appellant had failed to establish good cause for failing to appear at the hearing. In circumstances identical to Appellant's, however, this court recently held that such a basis for dismissal of a claimant's appeal was erroneous and improper. *See Id.* at 10, at 103, 2011 WL 6755855.

In *Jackson–Mughal,* the Appeals Tribunal dismissed the claimant's appeal after she misread her hearing notice and failed to call the Appeals Tribunal at her scheduled hearing time. *Id.* at 3, at 99, 2011 WL 6755855. The Commission affirmed the dismissal, finding that even if the claimant's allegations were true, she failed to establish good cause for failing to participate in the hearing. *Id.* This court, however, found that the Appeals Tribunal must conduct hearings in accordance with the regulations currently prescribed by the Division, *id.* at 6, at 101, 2011 WL 6755855, and that, at the time of the claimant's hearing, the regulations defined "appear" to mean providing one's telephone number to the tribunal and answering the phone at the time of the hearing. *Id.* at 7, at 101, 2011 WL 6755855. Thus, we held that the Commission acted in excess of its statutory authority, and thus abused its discretion, when it refused to set aside the Appeal Tribunal's dismissal of the claimant's appeal, which was dismissed in reliance on a definition of "appear" that was inconsistent with the Division's promulgated regulations. *Id.* at 9–10, at 102–03, 2011 WL 6755855.

Because the circumstances in this case are identical to those in *Jackson–Mughal,* we find *Jackson–Mughal* to be controlling and must reverse the Commission's order affirming the dismissal of Appellant's appeal. At the time of Appellant's hearing, the Division's regulations stated "[a]ppear means that participants ... [p]rovide telephone numbers as instructed on the notice of hearing within the designated time frame and answer at the time of the hearing." 8 C.S.R. § 10–5.010(2)(B)2; [2] *Jackson–Mughal,* WD73818, slip op. at 7, 359 S.W.3d at 101, 2011 WL 6755855. Nevertheless, Appellant was instructed she must call-in to participate in the hearing, and the Appeals Tribunal subsequently dismissed her appeal when she failed to do so. Thus, the Appeals Tribunal failed to conduct Appellant's hearing in accordance with the Division's regulations, as is required by statute. The Commission, therefore, had no authority to affirm the dismissal of Appellant's appeal, which was dismissed in reliance on a definition of "appear" inconsistent with the Division's prescribed regulations, and thereby abused its discretion by acting in excess of its statutory authority.

The Commission's order is reversed, and the case is remanded to the Commission. The Commission shall then enter an order setting aside the Appeals Tribunal's order of dismissal and remanding the case to the Appeals Tribunal for a hearing on the merits of Appellant's appeal.

All concur.

**2.** 8 C.S.R. § 10–5.010(2)(B)2 has subsequently been amended to provide a different definition of "appear" effective as of October 30, 2011. *See Jackson–Mughal,* WD73818, slip op. at 8–9, 359 S.W.3d at 102–03, 2011 WL 6755855.