Rose SPEED, Appellant

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. WD 75346.

Missouri Court of Appeals,
Western District.

June 25, 2013.

Rose Speed, Kansas City, MO, Appellant Acting Pro Se.

Robert Bedell, Jefferson City, MO, for Respondent.

Before: GARY D. WITT, P.J.,
THOMAS H. NEWTON, and MARK D.
PFEIFFER, JJ.

THOMAS H. NEWTON, Judge.

Ms. Rose Speed appeals the decision of the Labor and Industrial Relations Commission (Commission) affirming the dismissal of an appeal to the Appeals Tribunal. The Commission determined that Ms. Speed's reason for failing to appear at the

telephone hearing to review the denial of unemployment benefits did not constitute good cause. We reverse and remand.

### Factual and Procedural Background

Ms. Rose Speed was terminated from employment. She filed for unemployment benefits. The Division of Employment Security (Division) determined that Ms. Speed was disqualified from receiving benefits because she was discharged for misconduct connected with work. Ms. Speed appealed to the Appeals Tribunal of the Division.

Ms. Speed received a notice of telephone hearing, which provided the date and time of the hearing and the instructions for calling into the telephone conference. Specifically, it stated that "**You MUST DO the following to participate in the telephone hearing:** 1. At the time of your hearing, call the toll-free number.... 2. When instructed, enter the access code ... followed by the # sign. 3. If instructed again, enter the # sign to be a Participant. You are NOT the host for the conference call." On the date of the hearing, Ms. Speed did not call at the precise time listed on the notice. The referee dismissed the appeal for nonappearance. Ms. Speed filed a request for reconsideration; the Appeals Tribunal set the dismissal order aside. Ms. Speed was provided a new date for a hearing to determine whether she had good cause for nonappearance and to address the merits of the appeal.

At the good-cause hearing, Ms. Speed testified that she tried to participate in the review hearing on the scheduled date. She claimed that she had called in earlier than 2:30 p.m., which was the scheduled time for the hearing. Her clock was fast, so she called in around 2:20 p.m. because it was "close to time." A recorded voice told her that none of the parties was present yet and that she would be told when the host connected to the conference. After the recorded voice told her to wait about five times, she was disconnected around 2:36 p.m. She called the conference number again and then called the number listed on the bottom of the notice. She claimed that she believed that calling in early, "close to the time," was permissible and did not know that she had to call in exactly at the scheduled time.

The Appeals Tribunal decided that Ms. Speed did not show good cause for failing to ʼappear at the review hearing. The Appeals Tribunal found, consistent with Ms. Speed's testimony, that "[t]he claimant called in at least ten minutes before the hearing was scheduled"; its decision does not otherwise question the veracity of Ms. Speed's testimony. Nevertheless, it found her "circumstances were not beyond her reasonable ability to control" and that "[i]t was not unreasonable to expect [Ms. Speed] to call in at the [scheduled time], given the unambiguous language in the notice." The Appeals Tribunal reinstated its dismissal of the appeal from the Division's determination disqualifying her for benefits and thus did not address the merits of her appeal. Ms. Speed filed an application for review with the Commission. The Commission affirmed the Appeals Tribunal's decision. Ms. Speed appeals.

### Standard of Review

Our review of the Commission's decision is limited to determining whether the Commission abused its discretion in refusing to set aside the dismissal. *Stevenson v. Div. of Emp't Sec.*, 359 S.W.3d 91, 93 (Mo.App. W.D.2011). An "outcome that is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration" shows an abuse of discretion. *Id.* Yet abuse of discretion is not shown if reasonable minds could disagree on the correctness of the Commission's decision. *Id.* We defer to the findings of fact that are supported by

the record. *Id.* We do not defer to conclusions of law but rather review them *de novo.* *Id.*

## Legal Analysis

▮ In the sole point, Ms. Speed argues that the Commission erred in denying unemployment benefits because the decision lacked evidentiary support on the whole record "in that [she] made a good faith effort to participate in a telephone conference regarding the denial of her unemployment benefits."

▮ The Commission may dismiss an appeal based on a claimant's failure to appear at a hearing. *Id.* at 94. However, a dismissal is set aside when a claimant shows good cause for failing to appear. *Id.* Good cause is defined as a "set of circumstances in which the party acted in good faith and reasonably under all the circumstances." *Id.* (internal quotation marks and citation omitted).

Ms. Speed argues that calling to join the conference early was a good faith effort to participate in the hearing and that the notice did not inform her "that if [she] called before the scheduled time that the Commission would deem[ ] that her attempt was not a good faith effort." The Division asserts that the Commission did not abuse its discretion in affirming the dismissal because Ms. Speed's failure to appear was caused by her failure to follow the instructions. The Division further asserts that the requirement that a claimant call in at the appointed time is crucial to the appeals process because many hearings are scheduled consecutively and the referees use their other time to write decisions.

Initially, we note that the method by which a claimant appears at a telephone hearing has changed. *Guyton v. Div. of Emp't Sec.,* 375 S.W.3d 254, 256 (Mo.App.

W.D.2012). Previously, a claimant appeared for a telephone hearing by ensuring that the referee had his or her proper phone number and by being available to receive the call from the referee at the appointed time. *See id.; see also Robinson v. Div. of Emp't Sec.,* 274 S.W.3d 505, 508 (Mo.App. W.D.2008). Now the claimant is required to call in to a designated conference line at an appointed time and follow a recorded prompt. *See Guyton,* 375 S.W.3d at 256 (citing 8 CSR 10–5.010(2)(B)2) [1]. However, the definition of good cause for appearing has not changed, so the precedent finding good cause shown under the previous method remains applicable. *See id.*

"The Appeals Tribunal is not required to accommodate a party that does not follow the clearly stated directions in the notice of hearing." *Robinson v. Div. of Emp't Sec.,* 274 S.W.3d 505, 508 (Mo.App. W.D. 2008). While Ms. Speed admits to not following the instructions, it does not *necessarily* follow that her actions did not constitute good cause. In some cases, although the claimant failed to follow the instructions on how to appear, good cause may still be shown for failing to appear when circumstances show claimant's "affirmative efforts" to do so. *See Miller v. Rehnquist Design & Build, Inc.,* 311 S.W.3d 382, 384, 385 (Mo.App. E.D.2010) (stating that claimant's belief that the referee had his number although incorrect was in good faith despite the notice not listing a number); *Weirich v. Div. of Emp't Sec.,* 301 S.W.3d 571, 576 (Mo.App. W.D.2010). Cases in which failure to follow instructions resulted in affirming the Commission's decision that a claimant failed to show good cause generally showed no attempt by the claimant to be present at the hearing—no affirmative effort to appear. *See e.g., Weirich v. Div. of Emp't Sec.,* 301 S.W.3d 571, 575 n. 3 (Mo.

1. Regulatory references are to the Missouri Code of State Regulations (2011).

App. W.D.2010) (stating that claimant in *Jenkins v. Manpower On Site at Proctor & Gamble,* 106 S.W.3d 620, 623–24 (Mo. App. W.D.2003) misread the notice and "made no attempt to be present for the hearing"); *Robinson,* 274 S.W.3d at 509 (stating that claimant should have provided his cell phone number to the referee as clearly instructed).

Ms. Speed's attempt to call in, although ten minutes early, was a reasonable affirmative effort to appear. The notice does not indicate that calling in early will result in a denial of participation into the hearing. In fact, on the reverse side of the notice, it states that "[t]he system will ask you to continue to hold; please wait patiently. You will not be able to speak to the other parties while waiting. You must stay on the conference line until the referee has joined the hearing." Nor did the recorded voice indicate that calling in early would result in denial of participation. Rather, it lulled Ms. Speed into believing that she would eventually be connected to the conference call. Because calling in ten minutes earlier than the appointed time was not explicitly prohibited or cautioned against in the notice, Ms. Speed acted in good faith and reasonably.[2] Therefore, the Commission abused its discretion in refusing to set aside the dismissal.

### Conclusion

For the foregoing reasons, we reverse and remand for a decision on the merits.

WITT, P.J., and PFEIFFER, J. concur.

---

[2]. We are mindful that our conclusion may be onerous to the Division, but it is proper for the Division to accommodate the public when reasonable because the technological system can be difficult to navigate at times. *See*

---

§ 288.020 RSMo 2000 (providing that unemployment law should be construed liberally to provide for the payment of unemployment benefits).