

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| PHILLIP A. PEAVY, | ) | |
| | ) | WD76827 |
| Appellant, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | August 5, 2014 |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Three:  Gary D. Witt, P.J.,
Joseph M. Ellis, and Thomas H. Newton, JJ.**

Mr. Phillip A. Peavy appeals the decision of the Labor and Industrial Relations Commission (Commission) affirming the dismissal of his unemployment benefits case. We dismiss the appeal.

### Factual and Procedural Background

Mr. Peavy was separated from his employment in 2010.  He filed a claim for unemployment benefits.  On July 8, 2010, a deputy of the Division of Employment Security (Division) informed Mr. Peavy in writing that he was not eligible for benefits because he was not an insured worker.  The deputy's determination was based on Mr.

1

Peavy's insufficient wage credits. The Division's notice stated that Mr. Peavy had until August 9, 2010, to file an appeal before the determination was final.

In 2013, the Appeals Tribunal received a letter from Mr. Peavy that addressed his employment benefit eligibility status. In that letter, he claimed to have made an appeal of that determination on July 27, 2010. He further claimed that an agent from the Division had contacted him in August 2010. The Appeals Tribunal dismissed his appeal for being untimely. Mr. Peavy asked for reconsideration of the dismissal because he had appealed on July 27, 2010, but had received no response for "59 months and 11 days." The Appeals Tribunal granted his request and set a hearing to hear the issues of timeliness of appeal and the merits.

The Appeals Tribunal sent Mr. Peavy a notice of telephone hearing, which informed Mr. Peavy to call a designated toll-free number on May 9, 2013, at 9 a.m. Mr. Peavy failed to call. His appeal was dismissed for nonappearance. Again, Mr. Peavy requested reconsideration. The Division granted the request and set another hearing date, this time to hear the issues of good cause for nonappearance, timeliness of appeal, and the merits.

At the hearing, Mr. Peavy admitted that he had received notice about the May telephone hearing. He also admitted that he had read the notice and knew the time of hearing was scheduled for 9 a.m. He claimed that he had failed to appear because he was confused about calling in because the case law that he was reading that morning had mentioned receiving a call. Upon discovery that he should call, Mr. Peavy claimed that

2

he immediately called at 9:52 a.m. Evidence was also presented on the timeliness of the appeal and the merits of the case.

The Appeals Tribunal reinstated the dismissal for nonappearance because Mr. Peavy's failure to follow instructions did not constitute good cause under the law. The Commission affirmed and adopted the Appeals Tribunal's decision. Mr. Peavy appeals *pro se*.

## Standard of Review

In reviewing the Commission's decision, "we determine whether the Commission abused its discretion in refusing to set aside a dismissal for good cause." *Stevenson v. Div. of Emp't Sec.*, 359 S.W.3d 91, 93 (Mo. App. W.D. 2011). "Abuse of discretion is shown where the outcome is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Id.* (internal quotation marks and citation omitted).

## Legal Analysis

Mr. Peavy raises two points. In the first point, he argues that the Commission erred in denying him unemployment benefits because competent and substantial evidence did not support the decision, but showed that he was "discharged from his employment in February 2010" and that the Division "did not dispute [that he] had received eligibility for unemployment compensation." In the second point, Mr. Peavy argues that the Commission erred in denying him unemployment benefits because competent and substantial evidence did not support the decision "in that [he had] standing under federal and state statutes."

3

"On appeal, this Court may address only those issues determined by the Commission and may not consider any issues that were not before the Commission." *Hampton v. Aerotek, Inc.*, 427 S.W.3d 841, 841-42 (Mo. App. E.D. 2014). The Commission's decision did not address the merits, but instead addressed Mr. Peavy's failure to appear. Although Mr. Peavy mentions the dismissal of his appeal in his brief, his points and arguments challenge only the deputy's determination rather than the Commission's dismissal. Consequently, we do not have an issue to review. Mr. Peavy's appeal is therefore abandoned.

### Conclusion

For the above reason, we dismiss the appeal.

/s/ THOMAS H. NEWTON
Thomas H. Newton, Judge

Witt, P.J. and Ellis, J. concur.

4