

# Missouri Court of Appeals
### Southern District
### Division Two

GEMAYNE CARTER,                    )
                                   )
    Claimant-Appellant,            )
                                   )
v.                                 )      No. SD33800
                                   )
COTT BEVERAGES, INC.,              )      **Filed: July 13, 2015**
                                   )
    Employer,                      )
                                   )
and                                )
                                   )
DIVISION OF EMPLOYMENT             )
SECURITY,                          )
                                   )
    Respondent.                    )

### APPEAL FROM THE LABOR
### AND INDUSTRIAL RELATIONS COMMISSION

## APPEAL DISMISSED

Gemayne Carter ("Claimant"), self-represented, is attempting to appeal a decision of

the Missouri Labor and Industrial Relations Commission ("the Commission") that left him

ineligible for unemployment benefits. Because Claimant fails to address the reason for the

Commission's decision, his appeal must be dismissed.

### Background

A review of the legal file reveals the following. A deputy with the Missouri Division

of Employment Security ("the Division") found Claimant ineligible for certain

1

unemployment benefits on the ground that Claimant's employer, Cott Beverages, Inc. ("Employer") discharged Claimant in November 2014 for misconduct connected with his work.[1] According to the deputy, Claimant "was observed in the parking lot for thirty minutes instead of performing his job duties. [Claimant] was not on a scheduled break at the time and had work he needed to be doing."

Claimant appealed that decision to an appeals tribunal, which scheduled a telephone hearing and provided Claimant with a written notice of that hearing. The notice included instructions on how to participate that began with, "**To participate in the Telephone Hearing:** 1. **YOU MUST CALL** the toll-free number [number stated] at the time of the hearing."

When Claimant did not call in at the appointed time, the referee assigned to conduct the hearing dismissed Claimant's appeal on the ground that Claimant had failed to pursue his appeal by failing to call in as scheduled for the hearing. Claimant then appealed that decision to the Commission, claiming that he had failed to call in as scheduled because he thought that the referee would be initiating the call.

The Commission affirmed the referee's decision to dismiss Claimant's appeal, ruling that Claimant had failed to establish good cause for his failure to participate in the hearing because a "claimant acting reasonably and in good faith would have read carefully the Appeals Tribunal Notice of Telephone Hearing to ensure he knew how to participate in the hearing." (Case citation omitted.)

## Analysis & Decision

The fatal flaw in the "brief" Claimant submitted to this court is that it does not address the reason the Commission gave for its decision. Instead, it presents three

---

[1] Employer did not file a brief.

"[q]uestions" that challenge the basis of the deputy's initial determination that Claimant had been discharged for misconduct connected with his work.[2] We review the decision of the Commission, not the decision of the deputy, and the relevant question here is whether the Commission's refusal to set aside the referee's dismissal of Claimant's appeal constituted an abuse of discretion. *Peavy v. Div. of Emp't Sec.*, 440 S.W.3d 569, 571 (Mo. App. W.D. 2014).

In conducting our review, we cannot "consider any issues that were not before the Commission." *Hampton v. Aerotek, Inc.*, 427 S.W.3d 841, 841-42 (Mo. App. E.D. 2014) (quotation omitted). The actual basis for the Commission's decision -- that Claimant had failed to demonstrate good cause for missing his scheduled hearing -- is simply not addressed in Claimant's brief. As a result, Claimant presents nothing for us to review, and we must deem his appeal abandoned. *Id.* at 842.

Appeal dismissed.


DON E. BURRELL, P.J. - OPINION AUTHOR

GARY W. LYNCH, J. - CONCURS

WILLIAM W. FRANCIS, JR., J. - CONCURS

---

[2] In doing so, Claimant makes unsupported factual allegations that could not have been before the Commission due to Claimant's failure to call in as directed for the hearing that would have generated such a record.