Linda LEWIS, Appellant,

v.

FORT ZUMWALT SCHOOL DISTRICT

and

Division of Employment Security,
Respondents.

No. ED 90456.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 26, 2008.

Martha A. Michaels, O'Fallon, MO, for Appellant.

Ninion S. Riley, Jefferson City, MO, for Respondents.

## OPINION

GLENN A. NORTON, Judge.

Linda Lewis appeals the decision of the Labor and Industrial Relations Commission (the "Commission") dismissing her claim for unemployment benefits. The Commission affirmed and adopted the decision of the Division of Employment Security's Appeals Tribunal dismissing Lewis's appeal for failing to appear. We dismiss Lewis's appeal.

## I. BACKGROUND

Lewis was terminated from her employment with Fort Zumwalt School District on May 23, 2007. On May 27, 2007, Lewis filed a claim for unemployment benefits with the Missouri Division of Employment Security (the "Division"). A deputy with the Division determined, upon the evidence submitted by Fort Zumwalt School District, that Lewis was disqualified from receiving benefits because she "left work with the [ ] employer voluntarily without good cause attributable to her work or employer...." In rendering its decision, the deputy noted, "The claimant quit because of reasons not made known. The claimant did not provide information to the Division when given the opportunity."

Lewis appealed the deputy's decision to the Division's Appeals Tribunal. On July 25, 2007, the Appeals Tribunal mailed Lewis a "Notice of Telephone Hearing," setting her case to be heard on August 6, 2007 at 12:30 in the afternoon. The notice contained clear instructions directing Lewis to provide an accurate telephone number at which she could be reached at the time of the hearing. In addition to the instructions on the front of the notice, the back of the notice contained further instructions and included the following warning:

> It is your responsibility to report a telephone number where you can be reached promptly. The referee will not wait for you to be located or paged. The referee will only dial twice if the provided number is busy or is answered by an answering machine or voice mail.

In bold type on the front of the notice was the following language: "Your case may be dismissed if you fail to provide an accurate phone number." The notice also stated that the "[f]ailure to follow these instructions may result in a decision being made without consideration of your evidence."

On August 6, 2007, the referee twice called the number provided by Lewis. Both times, an answering machine picked up the call. The referee dismissed Lewis's appeal for failing to appear.[1] Thereafter, Lewis filed an application for review with the Commission. Lewis's application did not explain why she failed to appear at her hearing before the Appeals Tribunal. The Commission issued a decision affirming and adopting the decision of the Appeals Tribunal.

Lewis filed an appeal with this Court seeking a review of the Commission's decision. In Lewis's notice of appeal, she attempts to state the merits of her claim for unemployment benefits. Nowhere in the notice of appeal does Lewis mention the grounds upon which her appeal was dismissed. Moreover, Lewis's brief contains three points relied on, all of which claim error based on insufficient evidence to support the Commission's decision that Lewis left work voluntarily. Lewis's brief does not allege any error on the part of the Commission with respect to the Commission's decision to affirm the dismissal of her case for her failure to appear at her hearing.

## II. DISCUSSION

We review the decision of the Commission in employment security matters pursuant to Section 288.210 RSMo 2000.[2] We may modify, reverse, remand for hearing or set aside the award only on the grounds that: (1) the Commission acted

---

1. Section 288.190.3 RSMo 2000 provides the statutory authority for dismissing Lewis's administrative appeal:

   [I]n any case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing, the appeals tribunal may enter an order dismissing the appeal. The director may transfer to another appeals tribunal the proceedings on an appeal determination before an appeals tribunal. The parties shall be duly notified of an appeals tribunal's decision or order, together with its reason therefor, which shall be deemed to be the final decision or order of

   the division unless, within thirty days after the date of notification or mailing of such decision, further appeal is initiated pursuant to section 288.200; except that, within thirty days of either notification or mailing of the appeals tribunal's decision or order, the appeals tribunal, on its own motion, or on motion of any party to the case, may reconsider any decision or order when it appears that such reconsideration is essential to the accomplishment of the object and purpose of this law.

2. All statutory references are to RSMo 2000.

without or in excess of its power; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient, competent evidence in the record to warrant the making of the award. *Id.; Cotton v. Flik International Corp.*, 213 S.W.3d 189, 192 (Mo.App. E.D.2007).

■ However, our review of the Commission's decision is limited to points of error properly raised on appeal. Rule 84.04(d)(1)[3] directs an appellant to: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."

■ Lewis has failed to allege any reviewable point of error on the part of the Commission. The Commission's decision upheld the dismissal of Lewis's case; however, Lewis does not address this issue in her brief to this Court. "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal...." Rule 84.13(a). Moreover, "[a] question not presented in an appellant's brief will be considered abandoned on appeal and no longer an issue in the case." *Lucky v. Sears Roebuck and Co., Inc.*, 950 S.W.2d 687, 689 (Mo.App. S.D.1997) (internal quotations omitted). Because Lewis's appeal does not contest the dismissal of her case for failing to appear at the hearing, that issue has been abandoned. Having failed to address the grounds upon which her claim was dismissed, Lewis presents no appealable issue for this Court to review. Accordingly, Lewis's appeal must be dismissed.

### III. CONCLUSION

The appeal is dismissed.

KURT S. ODENWALD, P.J. and PATRICIA L. COHEN, J., concur.

---

**3.** All references to Rule are to Missouri Supreme Court Rules (2008).