**Aan STANTON, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. WD 71646.**

Missouri Court of Appeals, Western District.

Sept. 14, 2010.

Aan Stanton, New York, NY, Appellant Acting Pro Se.

Ninion S. Riley, Jefferson City, MO, for Respondent.

Before LISA WHITE HARDWICK, C.J., JAMES EDWARD WELSH, and KAREN KING MITCHELL, JJ.

JAMES EDWARD WELSH, Judge.

Aan Stanton appeals the decision of the Labor and Industrial Relations Commission dismissing his claim for unemployment benefits. The Commission affirmed and adopted the decision of the appeals tribunal dismissing Stanton's appeal for failure to appear. We dismiss Stanton's appeal.

Stanton was terminated from his employment with New Prime, Inc., on June 11, 2009. He subsequently filed a claim for unemployment benefits with the Division of Employment Security. New Prime filed a letter of protest alleging that Stanton was discharged because New Prime's safety department disqualified him due to his having "numerous citations." A Division deputy issued a determination that Stanton was disqualified from receiving benefits because he was discharged for misconduct connected with work.

Stanton appealed the deputy's decision to the Division's appeals tribunal. On August 10, 2009, the appeals tribunal mailed Stanton a "Notice of Telephone Hearing." The notice set Stanton's case to be heard by telephone on August 20, 2009, at 12:30 p.m. The notice contained clear instructions directing Stanton to provide an accurate telephone number at which he could be reached at the time of the hearing. The front of the notice said in bold type: **"Your case may be dismissed if you fail to provide an accurate telephone number."** In addition to the instructions on the front of the notice, the back of the notice contained further instructions and included these warnings in bold type:

**WARNING: FAILURE TO FOLLOW THESE INSTRUCTIONS MAY RESULT IN A DECISION BEING MADE WITHOUT CONSIDERATION OF YOUR EVIDENCE.**

. . . .

**If your telephone number does not appear on the front of this notice and you do not report your telephone number by calling the toll-free number on the front, you will not be called for the hearing. It is your responsibility to report a telephone number where you can be reached promptly. The referee will not wait for you to be located or paged. The referee will only dial twice if the provided number is busy or is answered by an answering machine or voice mail.**

At 12:30 and 12:35 p.m. on August 20, 2009, the appeals tribunal referee called the number Stanton had provided. Both times, the referee received voice mail. The appeals tribunal dismissed Stanton's appeal for failure to appear.[1] Thereafter,

---

1. Section 288.190.3, RSMo Cum.Supp.2009, gives the appeals tribunal the authority to dismiss for the appellant's failure to appear, as it states: "[I]n any case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing, the appeals tribunal may enter an order dismissing the appeal."

Stanton filed an application for review with the Commission. In his application, Stanton stated that he "did not understand" that he "was to stay at home on the 20th and wait on a call." The Commission issued its decision affirming and adopting the appeals tribunal's decision. Stanton requested that the Commission reconsider its decision, but the Commission denied his request.

Stanton filed this appeal. In his sole point relied on, he claims that the Division deputy's decision denying him unemployment benefits misapplies the law and is not supported by evidence showing that he willfully and knowingly engaged in misconduct connected with work. Stanton does not allege any error on the part of the Commission with respect to the Commission's decision to affirm the dismissal of his case for failure to appear at the hearing.

We review the Commission's decision, however, and not the decision of the Division deputy or appeals tribunal. *England v. Regan Mktg., Inc.*, 939 S.W.2d 62, 65 (Mo.App.1997). Appellate review of the Commission's decision in employment security matters is governed by section 288.210, RSMo 2000. We may modify, reverse, remand for rehearing, or set aside the Commission's decision on only these grounds: "(1) the Commission acted without or in excess of its power; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient, competent evidence in the record to warrant the making of the award." *Lewis v. Fort Zumwalt Sch. Dist.*, 260 S.W.3d 888, 889–90 (Mo.App.2008) (citing § 288.210).

Our review is confined to those points of error that the appellant properly raises on appeal. *Id.* at 890. In this case, Stanton has failed to allege any reviewable point of error on the part of the Commission. The Commission's decision upheld the dismissal of Stanton's case. Stanton, however, does not address this issue in his brief. Rule 84.13(a) provides that "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal." Furthermore, " '[a] question not presented in an appellant's brief will be considered abandoned on appeal and no longer an issue in the case.' " *Lewis*, 260 S.W.3d at 890 (citation omitted). Because Stanton's appeal does not contest the dismissal of his case for failure to appear at the hearing, he has abandoned that issue. *Id.* Having failed to raise the grounds upon which the Commission dismissed his claim, Stanton presents no appealable issue for this court to review. *Id.*

We, therefore, dismiss Stanton's appeal.

All concur.