Joseph PHARES, Appellant,

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. WD 72499.**

Missouri Court of Appeals, Western District.

March 8, 2011.

Joseph Phares, pro se.

Shelly A. Kintzel, for Respondent.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, JOSEPH M. ELLIS, Judge and VICTOR C. HOWARD, Judge.

VICTOR C. HOWARD, Judge.

Joseph Phares ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("the Commission") affirming the Appeals Tribunal's finding that Claimant voluntarily left his employment without good cause attributable to the work or to the employer and was, therefore, disqualified for unemployment compensation benefits. On appeal, Claimant asserts that the Commission erred in finding that he voluntarily quit without good cause because the reason for his resignation was causally connected to his employment. Claimant's appeal is dismissed.

---

## Factual and Procedural Background

Claimant was employed by Robert Claassen, D.D.S. ("Employer"), as an office manager for approximately two years. In August of 2009, Claimant decided to resign from his employment and gave Employer notice that he would leave his job in one month. Claimant's last day of work for Employer was September 4, 2009.

Claimant thereafter filed a claim for unemployment benefits and stated that he left his employment in order to start a new business venture. A deputy of the Division of Employment Security determined that Claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause attributable to the work or Employer. Claimant filed an appeal in which he asserted that his reason for leaving his job was to take care of his elderly parents. Claimant explained that his parents lived with him, were both ill, and needed his constant care. In a hearing held before the Appeals Tribunal, Claimant testified that because he needed to spend most of his time taking care of his parents, he believed he could no longer keep working for Employer.

The Appeals Tribunal found that Claimant left his employment in order to care for his parents and that, while this was a compelling reason to leave his job, it was not attributable to the work or Employer. Therefore, the Appeals Tribunal concluded that Claimant voluntarily left his employment without good cause attributable to the work or Employer. Claimant filed an application for review with the Commission in which he again stated that he left his job in order to provide full-time care for his parents. The Commission affirmed and adopted the decision of the Appeals Tribunal, finding it to be fully supported by competent and substantial evidence on the whole record and in accordance with Missouri law. Claimant's appeal from the Commission's decision followed.

## Discussion

Appellate review of the Commission's decision in an unemployment compensation case is governed by section 288.210, RSMo 2000. *Stanton v. Div. of Emp't Sec.*, 321 S.W.3d 486, 488 (Mo.App. W.D.2010). On appeal, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on only the following grounds: " '(1) the Commission acted without or in excess of its power; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient, competent evidence in the record to warrant the making of the award.' " *Id.* (quoting *Lewis v. Fort Zumwalt Sch. Dist.*, 260 S.W.3d 888, 889–90 (Mo.App. E.D. 2008)); *see also* § 288.210.

In his notice of appeal to this court, Claimant asserts for the first time that he left his employment because he suffers from obsessive compulsive disorder, and the symptoms of the disorder became worse while he was working for Employer. He claims that, due to the disorder, the quality of his work deteriorated, and he left his employment because he felt he could no longer do the job. In his brief on appeal, Claimant admits that this is the first time he has claimed that this is the reason he left his employment. There is nothing in the record showing that Claimant has previously asserted this as the reason for leaving his employment. Furthermore, Claimant does not address on appeal the issue that was before the Commission—i.e., whether he voluntarily left his employment for good cause attributable to his work or Employer when he left his job to take care of his parents.

Section 288.210 provides that upon appeal from the decision of the Commission,

the appellate court shall hear no additional evidence. Additionally, Missouri courts have noted that issues appropriate for, but not addressed before the Commission, cannot be litigated on appeal. *See, e.g., St. John's Mercy Health Sys. v. Div. of Emp't Sec.,* 273 S.W.3d 510, 516 (Mo. banc 2009) (holding that an issue was not preserved for appeal where it was first raised in the notice of appeal with the court of appeals); *Tucker v. United Healthcare Servs., Inc.,* 232 S.W.3d 636, 638–39 (Mo.App. S.D.2007) (finding that the court could not review the claimant's argument where it raised a new issue for the first time on appeal and concerned matters outside the record); *Perry v. Tiersma,* 148 S.W.3d 833, 835 (Mo.App. S.D.2004) (noting that the appellate court "may only address issues that were determined by the Commission and may not consider issues not before the Commission").

Where Claimant's appeal raises a new issue that was not before the Commission, he has failed to preserve that issue for appeal. Furthermore, Claimant has not addressed the basis for the Commission's decision and has therefore abandoned the issue of whether he voluntarily left his employment with good cause attributable to the work or Employer when he left his job to care for his parents. *See Stanton,* 321 S.W.3d at 488 (finding that where the claimant failed to raise the grounds upon which the Commission denied his claim, the claimant presented no appealable issue for the court to review). While this court sympathizes with Claimant's situation, we cannot consider his argument where he raises a new issue on appeal.

Because Claimant failed to preserve the issue he presents on appeal and makes no argument regarding the basis upon which the Commission denied his claim, he has presented no appealable issue to this court for review. Accordingly, we dismiss Claimant's appeal.

All concur.