Roy ELMORE, Appellant,

v.

DIVISION OF EMPLOYMENT
SECURITY, Respondent.

No. WD 72894.

Missouri Court of Appeals,
Western District.

May 31, 2011.

Roy Elmore, Appellant pro se.

Larry R. Ruhmann, for Respondent.

Before Division Three: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

VICTOR C. HOWARD, Judge.

Roy Elmore ("Claimant") appeals the decision of the Labor and Industrial Relations Commission ("the Commission") affirming the Appeals Tribunal's dismissal of his appeal as untimely. On appeal, Claimant asserts that the Commission erred in denying his claim for unemployment benefits because he was not discharged for misconduct connected with work. Claimant's appeal is dismissed.

### Factual and Procedural Background

Claimant was employed as a bus operator for the Kansas City Area Transporta-

tion Authority ("Employer"). During his shift on March 1, 2010, Claimant hit a pole inside Employer's bus garage and caused damage to a mirror on the bus. Employer characterized this as a minor accident. However, as a result of the accident, Claimant had accumulated twenty-nine accident points, which exceeded the twenty-five points allowed by Employer's accident policy. Claimant was thereafter discharged.

Claimant filed a claim for unemployment benefits, and Employer contested the claim. A deputy of the Division of Employment Security ("the Division") determined that Claimant was disqualified from receiving benefits because he was discharged for misconduct connected with work in that he violated Employer's accident policy. The deputy's determination was mailed to Claimant on March 29, 2010. The notice of the determination informed Claimant that he must file an appeal not later than April 28, 2010 and that the appeal period could be extended for good cause.

Claimant filed his notice of appeal with the Appeals Tribunal on May 13, 2010. The Appeals Tribunal found that the deputy's determination was mailed to Claimant on March 29 and that Claimant was required to file his appeal within thirty days of that date. Because Claimant's appeal was not filed until May 13, the appeal was untimely and the deputy's determination became final. Therefore, the Appeals Tribunal dismissed Claimant's appeal. The notice of the Appeals Tribunal's decision informed Claimant that he could appeal the decision by filing a written request that the order be reconsidered and that the case be set for a hearing on the timeliness of the appeal and the merits of the case. The notice informed him that the

request should include the reason why his original appeal was not timely filed.

Claimant filed an application for review with the Commission. In his application for review, Claimant did not mention the issue regarding the timeliness of his appeal with the Appeals Tribunal. The Commission affirmed and adopted the decision of the Appeals Tribunal, finding it to be supported by competent and substantial evidence on the whole record and in accordance with Missouri law. Claimant's appeal from the Commission's decision followed.

## Discussion

■ Appellate review of the Commission's decision in an unemployment compensation case is governed by section 288.210, RSMo 2000. *Stanton v. Div. of Emp't Sec.*, 321 S.W.3d 486, 488 (Mo.App. W.D.2010). On appeal, we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on only the following grounds: " '(1) the Commission acted without or in excess of its power; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient, competent evidence in the record to warrant the making of the award.' " *Id.* (quoting *Lewis v. Fort Zumwalt Sch. Dist.*, 260 S.W.3d 888, 889–90 (Mo.App. E.D. 2008)); *see also* § 288.210.

■ The Division asserts that Claimant has abandoned the issue of whether his appeal was timely in that he did not present any argument or legal authority in the argument portion of his brief on the issue. In his first point on appeal, Claimant asserts that the Commission erred in denying him unemployment benefits because the evidence did not show that he received notice of the denial of his claim.[1] Howev-

1. Claimant contends in his second point that the Commission erred in denying his claim

er, Claimant's argument under this point contains nothing regarding the issue of whether his appeal to the Appeals Tribunal was timely. Rather, it consists of one paragraph defining the term "misconduct" and one paragraph restating the factual circumstances regarding Claimant's bus accident and his discharge.

Claimant briefly mentions the issue in the conclusion of his brief, stating that he did not receive the mailed notice which stated that he had thirty days to appeal the deputy's determination. Claimant does not present any factual reason as to why he did not receive the mailing,[2] and he does not make any legal argument as to why his appeal should be considered timely. A claimant's argument "should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case. If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned." *Johnson v. Buffalo Lodging Assocs.*, 300 S.W.3d 580, 582 (Mo.App. E.D.2009) (citation omitted). Where Claimant cites no legal authority and makes no argument beyond one conclusory statement, he has abandoned the issue of whether his appeal to the Appeals Tribunal was timely filed.

Moreover, in the application for review Claimant filed with the Commission, Claimant did not raise the issue of whether his appeal was timely filed with the Appeals Tribunal. Missouri courts have noted that issues appropriate for, but not addressed before the Commission, cannot be litigated on appeal. *See, e.g., St. John's Mercy Health Sys. v. Div. of Emp't Sec.*, 273 S.W.3d 510, 516 (Mo. banc 2009) (holding that an issue was not preserved for appeal where it was not raised before the Commission).

Where Claimant failed to raise the issue of the timeliness of his appeal before the Commission, he has not preserved that issue for appeal. Even if Claimant had properly preserved the issue, where he has failed to develop an argument in his brief regarding the Commission's alleged error, he has abandoned the issue of whether his appeal was timely filed with the Appeals Tribunal. Accordingly, we dismiss Claimant's appeal.

All concur.

---

because he was not discharged due to misconduct connected with work. This issue was not before the Commission, and therefore, we do not address it on appeal. *See Perry v. Tiersma*, 148 S.W.3d 833, 835 (Mo.App. S.D. 2004) (noting that the appellate court "may only address issues that were determined by the Commission and may not consider issues not before the Commission").

2. The Division contends that it has had the same address on file for Claimant throughout these proceedings and that Claimant has never provided the Division with a different address.