Emily HAUENSTEIN, Appellant,

v.

HOULIHAN'S RESTAURANTS, INC.
and Division of Employment
Security, Respondents.

No. ED 97807.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 9, 2012.

Thomas D. Appelbaum, St. Louis, MO, for Appellant.

Ninion S. Riley, Attorney for Division of Employment Security, Jefferson City, MO, for Respondent.

Houlihan's Restaurants, Inc., St. Louis, MO, pro se.

ROBERT M. CLAYTON III, Judge.

Emily Hauenstein ("Claimant") appeals from the judgment of the Labor & Industrial Relations Commission ("the Commission") dismissing her application for review as untimely filed. We dismiss the appeal.

A deputy for the Division of Employment Security determined that Claimant was entitled to unemployment benefits, because she voluntarily quit with good cause attributable to her work or her employer, Houlihan's Restaurants, Inc. ("Employer"). Employer appealed to the Appeals Tribu-

nal of the Division of Employment Security ("the Appeals Tribunal"). Claimant did not participate in the scheduled telephone hearing, and the Appeals Tribunal reversed the determination of the deputy.

On September 12, 2011, the Appeals Tribunal mailed its decision to the parties reversing the deputy's determination. On October 24, 2011, Claimant filed an application for review of the Appeals Tribunal's decision with the Commission. The Commission dismissed the application for review as untimely, pursuant to Section 288.200 RSMo (2000),[1] because it was not postmarked or received within 30 days after the Appeals Tribunal's decision was mailed. This appeal follows.

On appeal, Claimant asserts the Appeals Tribunal erred in reversing the deputy's determination. In her first point, Claimant argues she was eligible for unemployment benefits because she left her work for good cause attributable to Employer. In her second point, Claimant argues she did not quit but was in fact discharged from her employment. The Division has filed a motion to dismiss Claimant's appeal, asserting lack of jurisdiction.[2]

"On appeal, this Court may address only those issues determined by the Commission and may not consider any issues that were not before the Commission." *Morgan v. Psych Care Consultants, LLC*, 341 S.W.3d 217, 218 (Mo.App. E.D.2011). If a claimant does not address on appeal the issues decided by the Commission, then

1. Section 288.200.1 provides that a party may file an application for review with the Commission within 30 days following the date of notification or mailing of the Appeals Tribunal's decision. While here we are not obligated to address the timeliness of Claimant's application for review because she did not raise the issue on appeal, we note that Claimant's application was not timely. The Appeals

Tribunal mailed their decision on September 12, 2011. Accordingly, Claimant's application for review was due on October 12, 2011; however, Claimant did not file her application until October 24.

2. The Division's motion to dismiss is denied as moot.

the claimant is deemed to have abandoned the appeal. *Id.*

Claimant's points on appeal address only the merits of the Appeals Tribunal's decision. However, the Commission did not address the substantive issues on appeal. Instead, the only issue determined by the Commission was the timeliness of Claimant's application for review to the Commission. Because Claimant does not address the timeliness of her application in her brief, there is no issue presented for this Court to review and the appeal is deemed abandoned. *Id.* Although we prefer to dispose of a case on the merits, we will not do so when it would require us to act as an advocate for Claimant. *Chase v. Baumann Prop. Co.,* 169 S.W.3d 891, 893 (Mo. App. E.D.2005).

Claimant's appeal is dismissed.

GARY M. GAERTNER, JR., C.J., and SHERRI B. SULLIVAN, J., concur.

