**No. ED 98868.**

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 19, 2013.

■

**Marlene TURNER, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. ED 98838.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 26, 2013.

Marlene Turner, Creve Coeur, MO, for Appellant Acting Pro Se.

Robert A. Bedell, Jefferson City, MO, for Respondent.

## OPINION

Marlene Turner appeals the decision of the Labor and Industrial Relations Commission dismissing her claim for unemployment benefits. The Commission affirmed the decision of the Division of Employment Security's Appeals Tribunal dismissing Turner's appeal for failing to appear. We dismiss Turner's appeal.

## I. BACKGROUND

After Turner was no longer employed by Women's Healthpartner's, Inc. ("Employer"), she filed a claim for unemployment benefits with the Division of Employment Security. Subsequently, a deputy with the Division determined that Turner was disqualified from receiving unemployment benefits because she left work voluntarily without good cause attributable to her work or Employer.

Turner appealed the deputy's decision to the Division's Appeals Tribunal. On July 2, 2012, the Appeals Tribunal mailed Turner a Notice of Telephone Hearing, setting her case to be heard by telephone on July 13, 2012 at 3:45 p.m. The front of the notice provided:

**You MUST DO the following to participate in the telephone hearing:**

1. At the time of your hearing, call the toll-free number 888–251–2909.
2. When instructed, enter the access code ... followed by the # sign.

3. If instructed again, enter the # sign to be a Participant....

...

If you have questions prior to your hearing, call the referee's office listed at the bottom of the Notice of Telephone Hearing.

(emphasis in original).

The front of the notice also directed Turner to see the back of the notice for further instructions. The back of the notice contained the following language: "**Attendance at the Hearing:** If you filed the appeal and do not participate in the hearing, your appeal will be dismissed." (emphasis in original).

It is undisputed that Turner did not participate in the telephone hearing. The Appeals Tribunal referee dismissed Turner's appeal for failing to appear.[1] Thereafter, Turner filed an application for review with the Commission alleging that "the reason I missed [the hearing] was because I read the letter wrong, I thought it said that you would call me." The Commission issued a decision affirming the decision of the Appeals Tribunal dismissing Turner's appeal, finding that Turner failed to establish good cause for her failure to participate in the hearing.

Turner filed an appeal with this Court seeking review of the Commission's decision. Turner's brief contains two points relied on, which both claim error with respect to the decision denying her unemployment benefits on the merits. Turner's brief does not allege any error on the part of the Commission with respect to the

1. Section 288.190.3 RSMo Supp.2007 provides statutory authority for the Appeals Tribunal's dismissal of Turner's administrative appeal: "[I]n any case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing, the appeals tribunal may enter an order dismissing the appeal." Failure to "appear" means that, *inter alia*, "the participants ... [failed to] [j]oin the telephone conference as instructed on the notice of hearing at the time of the hearing." 8 CSR 10–5.010(2)(B)2 (effective Oct. 30, 2011).

Commission's decision to affirm the dismissal of her case for her failure to appear at the hearing.

## II. DISCUSSION

We review the decision of the Commission in employment security matters pursuant to section 288.210 RSMo 2000. We may modify, reverse, remand for rehearing, or set aside a decision of the Commission only where the Commission acted without or in excess of its power, the decision was procured by fraud, the facts found by the Commission do not support the decision, or there was not sufficient competent evidence in the record to support the decision. *Id.*

However, our review of the Commission's decision is limited to points of error which are properly raised on appeal. *Lewis v. Fort Zumwalt School Dist.,* 260 S.W.3d 888, 890 (Mo.App. E.D.2008). Rule 84.04(d)(2) [2] directs an appellant to: "(A) identify the administrative ruling or action the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."

In this case, Turner has failed to allege any reviewable point of error on the part of the Commission. The Commission's decision upheld the dismissal of Turner's case; however, Turner does not address this issue in her brief to this Court. "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal...." Rule 84.13(a). Furthermore, "a question not presented in an appellant's brief will be considered abandoned on appeal and no longer an issue in the case." *Lewis,* 260 S.W.3d at 890 (internal quotation omitted). Because Turner's appeal does not contest the dismissal of her case for failing to appear at the hearing, that issue has been abandoned. *Id.* Having failed to address the grounds upon which her claim was dismissed, Turner presents no appealable issue for this Court to review.[3] *Id.* Therefore, we must dismiss her appeal. *Id.*

## III. CONCLUSION

The appeal is dismissed.

CLIFFORD H. AHRENS, P.J., SHERRI B. SULLIVAN, J., concur.

---

2. All references to Rule are to Missouri Supreme Court Rules (2012).

3. We note that we are somewhat troubled by the number of recent appeals involving dismissals of unemployment cases based upon a claimant's failure to participate in a telephone hearing. Accordingly, we urge the Division of Employment Security to ensure the Notice of Telephone Hearing clearly notifies claimants of their responsibility to call in for the hearing and the consequences of their failure to do so.