

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

KARL GARDNER, ) No. ED99914
)
    Appellant, ) Appeal from the Labor and
) Industrial Relations Commission
    vs. ) LC-13-00885
)
MERS/MISSOURI GOODWILL )
INDUSTRIES, )
)
and )
)
DIVISION OF EMPLOYMENT )
SECURITY, )
)
    Respondents. ) Filed: February 25, 2014

## OPINION

Karl Gardner appeals the decision of the Labor and Industrial Relations Commission

dismissing his claim for unemployment benefits. We dismiss Gardner's appeal.

### I.    BACKGROUND

Gardner filed a claim for unemployment benefits following the termination of his

employment with MERS/Missouri Goodwill Industries. A deputy determined that Gardner was

disqualified from receiving benefits because he was discharged for misconduct connected with

work. Gardner filed an appeal from the deputy's determination, and a telephone hearing was

scheduled before an Appeals Tribunal. The Appeals Tribunal dismissed the appeal after Gardner

failed to participate in the hearing, and Gardner filed an application for review with the

Commission. The Commission set aside the dismissal and remanded the matter to the Appeals Tribunal for a hearing regarding Gardner's failure to participate in the initial telephone hearing.

On remand, the Appeals Tribunal reinstated the order of dismissal, finding that Gardner did not show good cause for failing to participate in the telephone hearing. More than two months after the decision of the Appeals Tribunal was mailed, Gardner filed an application for review with the Commission. The Commission dismissed the application for review as untimely, pursuant to section 288.200.1 RSMo 2000,[1] because it was not postmarked or received within thirty days after the Appeals Tribunal's decision was mailed.[2] Gardner appeals.

## II. DISCUSSION

In Gardner's sole point on appeal, he argues that the Commission erred in determining that he committed misconduct. "On appeal, this Court may address only those issues determined by the Commission and may not consider any issues that were not before the Commission." *Hauenstein v. Houlihan's Restaurants, Inc.*, 381 S.W.3d 380, 380 (Mo. App. E.D. 2012) (internal quotation omitted). Where a claimant fails to address the issues determined by the Commission, the claimant is deemed to have abandoned the appeal. *Id*. at 380-81.

Here, Gardner's sole point on appeal addresses only the merits of his claim for unemployment benefits. However, the Commission did not address the merits of Gardner's claim but only determined that his application for review was untimely pursuant to section 288.200.1. Because Gardner does not contest the Commission's dismissal pursuant to section 288.200.1, there is no issue for this Court to review and Gardner's appeal is deemed abandoned. Therefore, we must dismiss Gardner's appeal.

---

[1] All statutory references are to RSMo 2000.

[2] Section 288.200.1 provides that a party may file an application for review with the Commission within thirty days following the date of notification or mailing of the Appeals Tribunal's decision.

### III. CONCLUSION

The appeal is dismissed.

_____
GLENN A. NORTON, Judge

Roy L. Richter, P.J. and
Clifford H. Ahrens, J., concur