

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| TIFFANEY HAMPTON, | ) | No. ED100137 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | LC-13-01510 |
| | ) | |
| AEROTEK, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondents. | ) | Filed: March 18, 2014 |

## OPINION

Tiffaney Hampton appeals the decision of the Labor and Industrial Relations

Commission dismissing her claim for unemployment benefits. We dismiss Hampton's appeal.

### I.    BACKGROUND

Hampton filed a claim for unemployment benefits following the termination of her

employment with Aerotek, Inc.. A deputy determined that Hampton was disqualified from

receiving benefits because she was discharged for misconduct connected with work. Hampton

filed an appeal from the deputy's determination, and a telephone hearing was scheduled before an

Appeals Tribunal. After Hampton failed to appear at the telephone hearing, the Appeals

Tribunal dismissed her appeal. Hampton requested reconsideration of the dismissal and was

granted a hearing to determine whether she had good cause for failing to participate in the telephone hearing. Following the hearing, the Appeals Tribunal reinstated the order of dismissal, finding that Hampton did not show good cause. Thereafter, Hampton filed an application for review with the Commission, and the Commission affirmed and adopted the Appeals Tribunal's decision. Hampton appeals.

## II. DISCUSSION

In Hampton's sole point on appeal, she argues that the Commission erred in concluding that she committed misconduct. "On appeal, this Court may address only those issues determined by the Commission and may not consider any issues that were not before the Commission." *Hauenstein v. Houlihan's Restaurants, Inc.*, 381 S.W.3d 380, 380 (Mo. App. E.D. 2012) (internal quotation omitted). Where a claimant fails to address the issues determined by the Commission, the claimant is deemed to have abandoned the appeal. *Id.* at 380-81.

Here, Hampton's sole point on appeal addresses only the merits of her claim for unemployment benefits. However, the Commission did not address the merits of Hampton's claim but only determined that her appeal was properly dismissed due to her failure to appear at the telephone hearing. Because Hampton does not contest the Commission's dismissal of her appeal, there is no issue for this Court to review and Hampton's appeal is deemed abandoned. Therefore, we must dismiss Hampton's appeal.

## III. CONCLUSION

The appeal is dismissed.

_____
GLENN A. NORTON, Judge

Roy L. Richter, P.J. and
Clifford H. Ahrens, J., concur

2