

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

ROLANDA D. PEARSON,           )        No. ED100027

                    )

          Appellant,         )        Appeal from the Labor and

                    )        Industrial Relations Commission

vs.                     )

                    )

DIVISION OF EMPLOYMENT       )

SECURITY,               )

                    )

         Respondent.      )        Filed:  April 15, 2014

The claimant, Rolanda Pearson, appeals *pro se* the order of the Labor and Industrial Relations Commission directing the Division of Employment Security to issue an appealable determination concerning section 288.060.4 RSMo. (Supp. 2013) and her ineligibility for benefits.  We dismiss the claimant's appeal and remand to the Commission with instructions.

We draw the following facts from the Commission's order.  On March 12, 2013, the Division of Employment Security issued a deputy's determination that the claimant was ineligible for benefits because she had not proved sufficient new wages since the date of her last initial claim for benefits.  The claimant filed a timely appeal from that determination.  One week later, however, the Division "voided" its determination without sending the claimant an appealable written notice.  The Commission noted that such an action is not specifically authorized under the Employment Security law and regulations.  At the same time, the Commission observed that the Division's computer system showed

that the Division considered the claimant to have proved sufficient new wages to again file an initial claim for benefits effective March 10, 2013.

The claimant's letter submitted with her appeal unambiguously indicated that she sought to prove that her eligibility for benefits should be effective retroactively, to September 30, 2012. The Commission stated that because the Division did not issue a written determination documenting its decision, the claimant never had an opportunity to appeal the March 10, 2013 effective date. The Commission concluded, "the Division has never allowed [the] claimant the opportunity to address the date on which she should be deemed to have satisfied the earnings requirements set forth in [section] 288.060.4 . . . ."

The Commission then directed the following:

> [B]ecause claimant has made a timely attempt to dispute the effective date on which she satisfied the earnings requirement set forth in [section] 288.060.4, we hereby direct the Division to issue an appealable determination concerning that statute and claimant's eligibility for benefits beginning March 10, 2013; but ineligibility for benefits from September 30, 2012, through March 9, 2013.

The Commission rendered no other findings of fact or conclusions of law related to the substantive issue of when the claimant satisfied the earnings requirements or whether satisfaction of the earnings requirement can be applied retroactively to earlier periods of unemployment. The record provided by the Commission on appeal contains no indication that the Division issued the appealable determination that the Commission directed. The claimant filed her appeal with this Court eight days after the Commission's order. At that point, the Division and the Commission may have concluded that this Court had jurisdiction, thus forestalling the Division from complying with the Commission's order.

Section 288.060.4 provides in relevant part:

2

The wage credits of an individual earned during the period commencing with the end of a prior base period and ending on the date on which he or she filed an allowed initial claim shall not be available for benefit purposes in a subsequent benefit year unless, in addition thereto, such individual has subsequently earned either wages for insured work in an amount equal to at least five times his or her current weekly benefit amount or wages in an amount equal to at least ten time his or her current weekly benefit amount.

On appeal, the claimant alleges the Commission erred in determining that she was ineligible for benefits for September 30, 2012, through March 9, 2013. She contends that once she earned wages equal to five times her weekly benefit amount, she should have become eligible retroactively for benefits for this period.

On appeal, we may address only those issues determined by the Commission, and we may not consider issues that were not before the Commission. *Hauenstein v. Houlihan's Restaurants, Inc.*, 381 S.W.3d 380, 380 (Mo. App. E.D. 2012). No appealable determination has been issued finding whether the claimant remains ineligible for benefits for the period September 30, 2012 through March 9, 2013, despite having purportedly earned wages equal to five times her weekly benefit amount, or whether satisfaction of the statutory earnings requirements may be applied retroactively. Because the Division did not issue an appealable determination, the Commission did not consider the substantive issue the claimant raises. Because that issue was never considered and decided below, that issue is not properly before this Court. Because the substantive issue that the claimant has appealed is not properly before us, we must dismiss her appeal.

We dismiss the claimant's appeal. We remand to the Commission to allow the Commission, in turn, to remand to the Division to comply with the Commission's direction to issue an appealable determination concerning the effective date that the

3

claimant satisfied the earnings requirement contained in section 288.060.4 and thus became eligible for benefits.

_Lawrence E. Mooney_
LAWRENCE E. MOONEY, PRESIDING JUDGE

ROBERT G. DOWD, JR., J. and
SHERRI B. SULLIVAN, J., concur.

4