

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER BLACKMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | **WD82976** |
| | ) | |
| | ) | **OPINION FILED:** |
| DIVISION OF EMPLOYMENT | ) | **May 26, 2020** |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Four:** Karen King Mitchell, Chief Judge, and
Thomas H. Newton and Edward R. Ardini, Jr., Judges

Christopher Blackman appeals the decision of the Labor and Industrial Relations Commission dismissing his claim for unemployment benefits. The Commission determined that Blackman's appeal was untimely and dismissed it for lack of jurisdiction. Blackman raises one point on appeal; he argues that the Commission erred in finding him disqualified for unemployment benefits based on his voluntary resignation without good cause. We dismiss Blackman's appeal.

## Background

Blackman was employed by Allied Global Services, LLC, a staffing and recruiting firm, from January 11, 2016 to November 9, 2017, when he was notified that his then-current assignment had been completed.

Blackman initially applied for unemployment benefits effective November 12, 2017. Allied filed a protest, claiming that Blackman voluntarily resigned his position without good cause attributable to Allied by failing to comply with Allied's policy regarding notification within twenty-four hours of completion of an assignment.[1] On December 8, 2017, a Deputy of the Division of Employment Security issued a determination that Blackman was not disqualified from receiving unemployment benefits because his discharge was not for misconduct associated with work. Allied filed a timely appeal. The Division's Appeals Tribunal issued a Notice of Telephone Hearing scheduled for January 30, 2018, at 10:45 a.m.[2] Blackman did not call into the hearing.[3] The hearing referee noted that Blackman had not requested a postponement or attempted to access the telephone hearing. John Sotero, an accounting and finance leader, testified on behalf of Allied.

The Appeals Tribunal reversed the initial eligibility determination, finding that Blackman voluntarily left his employment without good cause by operation of law. The Tribunal accepted Sotero's testimony that Blackman did not contact Allied for further work following completion of his assignment, in violation of Allied's policy, there being no evidence or testimony offered by Blackman to the contrary. In support of its decision, the Tribunal cited § 288.050.1(1),[4] which states, in relevant part,

> A temporary employee of a temporary help firm will be deemed to have voluntarily quit employment if the employee does not contact the temporary help firm for

---

[1] The policy at issue states:

I understand that, at the completion of any assignment for ALLIED, it is my responsibility to contact ALLIED for another assignment. If I do not contact ALLIED within 24 hours from the completion of an assignment, I agree that it will be considered a voluntary resignation and [I] understand that unemployment benefits may be denied.

Blackman acknowledged his acceptance of, and consent to, this policy.

[2] The Notice included the following statement: "If the other party filed the appeal and you do not participate in the hearing, your evidence will not be used to make the decision."

[3] In his appeal to the Commission, Blackman claims that the telephone conference was scheduled for 8:00 a.m. and he overslept because he had taken a position working overnight. The Notice of Telephone Hearing clearly states that the call was scheduled for 10:45 a.m.

[4] All statutory references are the Revised Statutes of Missouri (2017) unless otherwise noted.

reassignment prior to filing for benefits. Failure to contact the temporary help firm will not be deemed a voluntary quit unless the claimant has been advised of the obligation to contact the firm upon completion of assignments and that unemployment benefits may be denied for failure to do so.

*See also* § 288.051.2. The Tribunal's decision included notice that any appeal must be filed within thirty days from the date of the decision.

The Tribunal's decision is dated February 1, 2018, and states that it was mailed that same day, but the associated certificate of mailing is date-stamped March 2, 2018. Blackman filed an appeal with the Commission on June 3, 2019, more than a year after the Tribunal issued its decision. On June 11, 2019, the Commission dismissed Blackman's appeal pursuant to § 288.200.1[5] because the appeal was neither postmarked nor received by the Commission within 30 days after the Appeals Tribunal's decision was mailed, and thus, the Commission lacked jurisdiction over Blackman's appeal.

### Dismissal of Appeal

In his sole point on appeal, Blackman contends that the Commission erred in finding him disqualified for unemployment benefits based on his voluntary resignation from Allied without good cause. Because Blackman does not properly appeal the only ruling made by the Commission—that he failed to timely appeal the decision of the Appeals Tribunal—we dismiss his appeal.

"Our review is confined to those points of error that the appellant properly raises on appeal." *Walker v. Div. of Emp't Sec.*, 592 S.W.3d 384, 388 (Mo. App. W.D. 2020) (quoting *Stanton v. Div. of Emp't Sec.*, 321 S.W.3d 486, 488 (Mo. App. W.D. 2010)). "Furthermore, a question not presented in an appellant's brief will be considered abandoned on appeal and no

---

[5] Section 288.200.1 provides, in pertinent part, "Any of the parties (including the division) to any decision of an appeals tribunal, may file with the commission within thirty days following the date of notification or mailing of such decision, an application to have such decision reviewed by the commission."

3

longer an issue in the case." *Id.* (quoting *Stanton*, 321 S.W.3d at 488); *see also* Rule 84.13(a) ("[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal.").

In *Walker*, the appellant's claim for unemployment benefits was dismissed by the Commission due to appellant's failure to call in and participate in the hearing before the Appeals Tribunal. *Id.* at 387. On appeal to this court, the appellant challenged the merits of his claim for unemployment benefits, rather than the dismissal for failure to participate in the hearing. *Id.* This court dismissed his appeal because the appellant failed to allege any reviewable point of error by the Commission. *Id.* at 388, 390.

Here, the Commission dismissed Blackman's appeal as untimely, but Blackman does not raise that issue on appeal. Instead, he focuses exclusively on the merits of his claim for unemployment benefits. Blackman's sole point on appeal asserts that he did not violate Allied's policy on notification at the end of an assignment, and thus, he did not voluntarily leave his employment with Allied. At best, his argument "could be construed to be a challenge to the sufficiency of the evidence of a decision on the merits of his claim, a decision that the Commission did not make." *Walker*, 592 S.W.3d at 387 n.1. Because Blackman's appeal does not contest the dismissal of his case for failure to file a timely appeal with the Commission, he has abandoned that issue. *Id.* Having failed to challenge the only decision the Commission rendered in his case, Blackman raises no appealable issue for our review.[6] *Id.*

---

[6] Additionally, Blackman's brief does not comply with the requirements of Rule 84.04 in that his Statement of Facts lacks specific page references to the legal file in violation of Rule 84.04(c), his Point Relied On does not comply with Rule 84.04(d), and the argument section lacks specific page references to the legal file in violation of Rule 84.04(e). We need not determine whether these deficiencies alone would warrant dismissal, however, because Blackman failed to challenge the only decision the Commission made.

4

## Conclusion

Because Blackman failed to properly raise or brief the basis on which the Commission dismissed his claim, and thus, he does not present an appealable issue for our review, his appeal is dismissed.

_____
Karen King Mitchell, Chief Judge

Thomas H. Newton and Edward R. Ardini, Jr., Judges, concur.