

# Missouri Court of Appeals
## Western District

CHARLOTTE PORTER,           )
           )    **WD85897**
           Appellant,    )
v.           )    **OPINION FILED:**
           )
DIVISION OF EMPLOYMENT    )    **April 2, 2024**
SECURITY,           )
           )
           Respondent.    )
           )

**Appeal from the Labor and Industrial Relations Commission**

**Before Division One: Alok Ahuja, Presiding Judge,
Cynthia L. Martin, Judge, and Thomas N. Chapman, Judge**

Charlotte Porter ("Porter") appeals the decision of the Labor and Industrial Relations Commission ("Commission") dismissing her appeal of the order of the Appeals Tribunal. The Appeals Tribunal had dismissed her appeal from the determination of a deputy for the Division of Employment Security that she was ineligible to receive unemployment benefits. The Commission found that her application for review of the Appeals Tribunal's order was untimely and, thus, it had no statutory authority to review the record of the proceedings in the matter. Porter does not challenge the finding by the

Commission that her appeal was untimely; instead, she argues only the merits of her claim. The appeal is dismissed.

## Factual and Procedural Background

Porter filed an unemployment claim, which her employer, JBracewell Enterprises LLC, protested. The deputy determined that Porter was ineligible for benefits from June 21, 2020, through July 18, 2020, because she was not unemployed but on an approved leave of absence due to COVID-19 exposure. The deputy's determination was mailed to Porter on March 5, 2021, and stated in the "Your Appeal Rights" section that an appeal needed to be filed by April 5, 2021.[1]

Porter filed an appeal to the Appeals Tribunal on April 22, 2021. The Appeals Tribunal issued its order dismissing the appeal, finding that Porter's appeal was untimely and the deputy's determination was final. The Appeals Tribunal's order was mailed to Porter on April 29, 2021, and informed her that she could seek reconsideration and a hearing on the timeliness of the appeal and the merits within thirty days.[2]

---

[1] Under section 288.070.6, RSMo 2016, an appeal from an eligibility determination must be filed within 30 days after the determination is delivered in person or mailed to the claimant. *See also* 8 C.S.R. 10-5.010(5)(A); *Schmidt v. Ritter Horticultural Servs., Inc.*, 678 S.W.3d 134, 136 (Mo. App. E.D. 2023). If no timely appeal is filed, the determination becomes final. § 288.070.6; *Schmidt*, 678 S.W.3d at 136. The 30-day period may be extended for good cause. §288.070.10, RSMo 2016.

[2] Under section 288.200.1, RSMo 2016, a party may file an application to have a decision of the Appeals Tribunal reviewed by the Commission within 30 days following the notification or mailing of the decision. *See also* 8 C.S.R. 20-4.010(1); *Schmidt*, 678 S.W.3d at 136. If no timely application for review is filed, the Appeals Tribunal's decision "shall be deemed the final decision or order of the division." § 288.190.3, RSMo 2016; *Schmidt*, 678 S.W.3d at 136. "In the event of an untimely application for review with the Commission, the Commission has no authority to consider the merits of the application for review, and dismissal is proper." *Schmidt*, 678 S.W.3d at 136 (internal quotes and citations omitted).

On June 29, 2021, Porter filed with the Commission an application for review of the April 29, 2021 Appeals Tribunal order. The Commission dismissed the application for review finding that it was not timely filed and that it had no statutory authority to review the record of proceedings in the matter.

Porter timely appealed to this court.

## Dismissal of Appeal

Rule 84.04(a)(4) requires Porter's brief to include a "point relied on" for each point of error she wishes this court to address. *Herrmann v. Div. of Emp. Sec.*, 673 S.W.3d 889, 891 (Mo. App. W.D. 2023). Because she appeals from a decision of an administrative agency, Rule 84.04 specifically requires that each "point relied on" do the following:

> (A) Identify the administrative ruling or action the appellant challenges;
>
> (B) State concisely the legal reasons for the appellant's claim of reversible error; and
>
> (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Rule 84.04(d)(2)(A)-(C). The rule then provides the following template for the appellant to follow:

> The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

3

Rule 84.04(d)(2). Porter's point relied on reads as follows:

> The LIRC erred in not dismissing the case due to the employer not showing up on the line. Instead they further misstated by saying it was the employer that appeared on the line and NOT Ms. Porter, until a referee listened to the audio hearing on May 9, 2023 and realized that Ms. Porter was in fact on the line and the employer was NOT.

Porter's point relied on seemingly addresses the process in the proceedings below, and her argument under the point mainly focuses on the merits of the case. The point relied on fails to identify any challenge concerning the timeliness of her appeal from the Appeals Tribunal order and does not explain why the dismissal of her appeal for untimeliness was in error. "This court may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission." *Herrmann*, 673 S.W.3d at 891-92 (internal quotes and citation omitted). The only issue decided by the Commission was the timeliness of Porter's appeal from the order of the Appeals Tribunal. Thus, the sole matter within our purview for review is the timeliness of the appeal rather than the merits of her claim. *Id*. at 892. Porter, however, fails to raise a point of error on the Commission's decision regarding timeliness of the appeal.

Rule 84.13(a) provides that "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal." A question not presented in an appellant's brief will be considered abandoned on appeal. *Stanton v. Div. of Emp. Sec.*, 321 S.W.3d 486, 488 (Mo. App. W.D. 2010).

4

The appellant in *Stanton*, like Porter, challenged the merits of the claim on appeal rather than the dismissal. *Id.* at 488. In dismissing the appeal in *Stanton*, this court observed:

> Our review is confined to those points of error that the appellant properly raises on appeal. In this case, Stanton has failed to allege any reviewable point of error on the part of the Commission. The Commission's decision upheld the dismissal of Stanton's case. Stanton, however, does not address this issue in his brief….Because Stanton's appeal does not contest the dismissal of his case for failure to appear at the hearing, he has abandoned that issue. Having failed to raise the grounds upon which the Commission dismissed his claim, Stanton presents no appealable issue for this court to review.

*Id.* at 488 (citations omitted). Porter's point relied on asks this court to consider an issue not decided by the Commission. However, we are precluded from reviewing the merits of her underlying claim as the Commission did not address them. *Herrmann*, 673 S.W.3d at 892.

Because Porter fails to challenge in her point relied on the Commission's determination that her appeal from the Appeals Tribunal order was untimely, she has not presented an appealable issue for our review, and the appeal is dismissed.[3] *Id.*; *Stanton*, 321 S.W.3d at 488.

**Conclusion**

The appeal is dismissed.

_____
Thomas N. Chapman, Judge

All concur.

---

[3] Porter mentions the timeliness of her appeal to the Appeals Tribunal in two short paragraphs in her argument, but makes no argument about the timeliness of her appeal to the Commission.