

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DANA JENSEN, )
                        )
       Appellant, )
                        )
v. ) WD86895
                        )
DIVISION OF EMPLOYMENT ) Opinion filed: October 29, 2024
SECURITY, )
                        )
       Respondent. )

**APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION**

Division Two: Alok Ahuja, Presiding Judge,
Edward R. Ardini, Jr., Judge and W. Douglas Thomson, Judge

Dana Jensen appeals a decision of the Labor and Industrial Relations Commission ("Commission"), which affirmed the order of the Appeals Tribunal dismissing Jensen's appeal for failure to appear at the scheduled hearing. For the reasons stated below, we dismiss Jensen's appeal.

## Background

On August 20, 2021, the Division of Employment Security issued Jensen an Overpayment Determination, notifying him that he had been overpaid on his claim for unemployment benefits in the amount of $1,600, and was required by law to repay that amount. Jensen appealed this determination to the Appeals Tribunal. On August 23, 2023,

Jensen was sent a Notice of Telephone Hearing. The hearing was scheduled for September 8, 2023 at 11:45 a.m. The notice provided Jensen with a toll-free number he was required to call at the time of the hearing and advised: "If you filed the appeal and do not participate in the hearing, your appeal will be dismissed."[1] Jensen received and read the notice. He did not participate in the hearing, however, and on September 12, 2023, the Appeals Tribunal dismissed his appeal.

Ten days later, Jensen sent a letter appealing the dismissal.[2] According to Jensen, at "about 1 pm" on the date of the hearing, he "realized that [he] had missed [his] appeal." Jensen stated:

> Unfortunately, a combination of a high stress client deadline that Friday, a troublesome network connection causing me to be on the phone with IT all morning with the deadline looming, and my cell phone dying, so it was in the other room charging, all lead [sic] to me missing my phone appeal hearing. It's an excuse and a terrible one at that, but my Google calendar did tell me about the appeal, while my phone was sitting on my desk in another room.

Jensen requested to "get the appeal rescheduled."

The Commission affirmed the Appeals Tribunal's dismissal, finding that Jensen's "allegations, if true, will not support a finding of good cause for [his] failure to participate in the scheduled hearing." The Commission thus found that Jensen had "not made a prima

---

[1] "[I]n any case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing, the appeals tribunal may enter an order dismissing the appeal." § 288.190.3, RSMo. All statutory references are to RSMo 2016.

[2] The letter was treated as an Application for Review to the Commission under section 288.200.1, which provides that any party "to any decision of an appeals tribunal, may file with the commission . . . an application to have such decision reviewed by the commission."

facie showing that [he] is entitled to relief" and "[n]o purpose would be served by remanding to determine the truth or falsity of the allegations."

This appealed followed.[3]

## Analysis

Jensen raises two points on appeal, both challenging the merits of the Overpayment Determination. However, we cannot address Jensen's claims of error, and instead must dismiss his appeal.

We are tasked on appeal with reviewing the propriety of the Commission's decision. *See Stanton v. Div. of Emp. Sec.*, 321 S.W.3d 486, 488 (Mo. App. W.D. 2010). Here, the sole issue decided by the Commission was whether Jensen had good cause for failing to participate in the hearing. Accordingly, "the only issue our Court can review is whether the Commission erred in affirming the decision of the Appeals Tribunal that [Jensen] did not show good cause for failing to participate in [his] Appeals Tribunal hearing." *Hubbard v. Schaefer Autobody Ctrs., Inc.*, 561 S.W.3d 458, 460 (Mo. App. E.D. 2018); *see also Hauenstein v. Houlihan's Rests., Inc.*, 381 S.W.3d 380, 380 (Mo. App. E.D. 2012) ("On appeal, this Court may address only those issues determined by the Commission and may not consider any issues that were not before the Commission."); *Huckaby v. Div. of Emp. Sec.*, 363 S.W.3d 52, 55 (Mo. App. W.D. 2011) ("the law is clear that because the

---

[3] Any party aggrieved by a decision of the Commission "may appeal the decision to the appellate court having jurisdiction in the area where the claimant or any one of the claimants reside." § 288.210.

3

Commission did not reach the merits of this claim, this Court is precluded from reaching the merits as well").

Jensen does not assert any error relating to the Commission's decision to affirm the dismissal of his case for failure to appear at the hearing. "If a claimant does not address on appeal the issues decided by the Commission, then the claimant is deemed to have abandoned the appeal." *Hauenstein*, 381 S.W.3d at 380-81; *see also Stanton*, 321 S.W.3d at 488 ("a question not presented in an appellant's brief will be considered abandoned on appeal and no longer an issue in the case" (internal marks omitted)). "Because [Jensen's] appeal does not contest the dismissal of his case for failure to appear at the hearing, he has abandoned that issue." *Stanton*, 321 S.W.3d at 488. "Having failed to raise the grounds upon which the Commission dismissed his claim, [Jensen] presents no appealable issue for this court to review," and his appeal must be dismissed. *Id.*; *see also Hauenstein*, 381 S.W.3d at 381.[4]

### Conclusion

For these reasons, this appeal is dismissed.

_____
EDWARD R. ARDINI, JR., JUDGE

All concur.

---

[4] Although Jensen did not challenge the Commission's "good cause" determination on appeal, we nonetheless note that "Missouri courts have held that receiving notice and failing to read the notice or follow the clearly stated directions on the notice is not considered 'good cause' for not participating in a scheduled hearing before the Appeals Tribunal." *Hubbard*, 561 S.W.3d at 462 (citing *Guyton v. Div. of Emp. Sec.*, 375 S.W.3d 254, 256 (Mo. App. W.D. 2012)); *see also Byers v. Hum. Res. Staffing, LLC*, 402 S.W.3d 605, 608 (Mo. App. E.D. 2013) ("Failure to timely follow clear instructions provided in a notice due to simple oversight is not reasonable and does not constitute good cause for missing a procedural deadline.").